EMELINE E. LOAN, Appellant, v. JUSTICE C. GREGG, Respondent.

Kansas City Court of Appeals, November 20, 1893, and January 8, 1894.

1. **Fixtures:** MIRROR NOT BUILT IN WALL. A mirror not set in the wall but put up after the building was finished so that its removal did not interfere with the wall is a chattel and not part of the freehold, and does not pass therewith.

2. ————: INTENTION: OTHER ELEMENTS: JURY QUESTION. Intention to make a chattel a permanent accession to a building is not alone sufficient, without adaptability and annexation, and all of these are matters for the consideration of the jury iu a proper case.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*James F. Pitt* for appellant.

The testimony shows that the mirror was an overtop, a part of a mantel made according to special drawings; that it was designed alone for and built into this particular house. Every test of a fixture is present; adaptability, annexation, and intention to make a permanent accession. These are matters of fact for a

jury, of which in this case there is not merely some evidence, but the clearest and most satisfactory proof. *Goodin v. Association*, 5 Mo. App. 294; *Cooke v. McNeil*, 49 Mo. App. 81; *Ward v. Kilpatrick* 85 N. Y. 413; *Thomas v. Davis*, 76 Mo. 72. It was error to take the case from the jury, and the cause should be reversed and remanded.

*Hall & Pike* for respondent.

(1) The mirror in suit was of ordinary form and not unusual size, was not set in the wall of the building, was put up after the building was finished, was not so attached to the building that its removal could interfere with or injure it. It formed no part of the building. It was a mere chattel, like any other piece of furniture. *McKeage v. Ins. Co.*, 81 N. Y. 38. (2) It is true that the intention with which a chattel is attached to a building is a material element for consideration in determining whether a chattel has become a fixture. This was so held by this court in the recent case of *Cooke v. McNeil*, 49 Mo. App. 81; but it is not the only element; there are other elements. *Roger et al. v. Crow et al.*, 40 Mo. 91; 8 American and English Encyclopedia of Law, 52; *Ward v. Kilpatrick*, 185 N. Y. 413.

SMITH, P. J.—This is an action of replevin to recover the possession of an "overtop mantel mirror," alleged to have been wrongfully taken by defendant from the plaintiff's dwelling house.

It appears from the abstract of the evidence that the house in question was built by H. E. Barnard, who sold it with all furniture in it to the defendant, and that the latter sold it to a Mr. Lindsay, who sold it to plaintiff. It seems further that the defendant continued

to occupy the house after his sale, as a tenant. When he quit the house and removed therefrom he carried away the mirror in controversy.

The undisputed evidence proved that the mirror was not built in the wall nor did it form any part of it, nor was it put up until the wall over the mantel piece was finished. It was then placed on the mantel piece, its base resting thereon and its back resting against the wall of the room. It was not disclosed how the mirror was fastened. The defendant, who was called by the plaintiff to testify, stated that he thought there was a very slight fastening but was unable to state just in what manner it was fastened. It does not appear that the removal of the mirror caused any injury to the wall or any break in the moulding. The wall was papered everywhere except behind the mirror. Its removal exposed the bare wall behind where it stood. There was no sort of connection between the mantel and the mirror other than has been stated. This mirror was of the same style and finish as a pier mirror which was placed on the opposite side of the room facing it. It was testified to by the original owner of the house that he never intended to change the positions of the two mirrors. They were intended to match *each other*.

The court instructed the jury to find for the defendant, and it is this action of the court that is called in question by the plaintiff's appeal. As has been already stated, the mirror in suit was not set in the wall, but was put up after the building was finished. It was not so attached to the building that its removal would interfere with or injure it in any particular. It was no more than a bare chattel like any other piece of movable furniture that was not an appurtenance to the building.

The facts here shown are quite analogous to those in *McKeage v. Insurance Co.*, 81 N. Y. 38, and the rule there announced must dominate this case.

It is true, as we held in *Cooke v. McNeil*, 49 Mo. App. 81, that the true intention with which a chattel is attached to a building is a material element for consideration in determining whether it has become a fixture; but it is not the only element. There are other elements. The element of intention alone without the presence and existence of other elements is not enough to transform a mere chattel into a fixture. It will not do to say that, because the owner of a house declares that he intends that a picture hung on the wall or a bureau or book case placed in a certain position in a room are to remain permanently where placed, that they thereby lose the quality of chattels and become fixtures and a part of the freehold. It is true that every test of a fixture—its present adaptability, annexation and intention to make it a permanent accession and that these are matters of fact for the consideration of a jury in a proper case. Two of these elements are wholly absent in this case. The mirror was no more adapted or annexed to the room or building than a book case or bureau that might have happened to have been placed in it under like circumstances.

This case bears not the slightest resemblance to that of *Ward v. Kilpatrick*, 85 N. Y. 413, for there the mirrors ''were actually annexed to the building and were so annexed during the process of building as a part of that process.    *    *    *    They were fitted to the use and purpose for which they were designed; they formed part of the inside wall.''

The mirror was no part of the freehold and for that reason the plaintiff acquired no title to the former by the purchase of the latter. It is clear to us that the plaintiff, on the evidence adduced by her, was not entitled to a submission of the case to the jury, and therefore the trial court did not err in its ruling, and so it results the judgment must be affirmed. All concur.