FRANK ADAM ELECTRIC COMPANY, Respondent, v. GOTTLIEB et al., Appellants.

St. Louis Court of Appeals, April 18, 1905.

MECHANIC'S LIEN: Gas Fixtures: Intention. Gas fixtures are not a part of the realty, as between vendor and vendee, nor when the question arises on the enforcement of a mechanic's lien; such fixtures are not lienable unless it be shown that the owner of the building intended, when he had them put in, to make them permanent parts of his house.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. R. Kinealy*, Judge.

REVERSED AND REMANDED.

*Henry A. Hamilton* for appellants.

(1) A mechanic's lien cannot be established against a building by one furnishing articles unless they are such fixtures as will pass by conveyance of the freehold. The rule for determining whether an article is such a fixture within the meaning of the statute relating to mechanics' liens, is the same as that applied between vendor and vendee, mortgagor and mortgagee, heir and personal representative. St. Louis Radiator Co. v. Carroll, 72 Mo. App. 315. (2) Gas fixtures do not become part of the realty, even though they are affixed to the building by the owner thereof. Rogers v. Crow, 40 Mo. 91; McKeage v. Hanover Fire Ins. Co., 81 N. Y. 38; Lawrence v. Kemp, 1 Duer (N. Y.), 363; Shaw v. Lenke, 1 Daly (N. Y.), 487; Kirchman v. Lapp, 19 N. Y. Suppl. 831; Manning v. Ogden, 70 Hun 399; Cosgrove v. Troescher, 70 N. Y. Suppl. 764; New York Life Ins. Co. v. Allison, 107 Fed. Rep. 179; Vaughen v. Haldeman, 33 Pa. St. 522; Towne v. Fiske, 127 Mass. 125; Chapman v. Union Mut. Life Ins. Co., 4 Ill. App. 29; Copehart v. Foster, 61 Minn. 132; Montague v. Dent, 10 Rich, (Law) 135; L'Hote & Co. v. Fulham, 51 La. Ann. 780; Hall v. Law Guaranty and Trust Society, 22 Wash. 305; 13 Am. and Eng. Enc. of Law (2nd Ed.), p. 666; Ewell on Fixtures, p. 299; Tyler on Fixtures, p. 395, also p. 401. (3) Chandeliers and other gas fixtures cannot be the subject of a mechanic's lien because they do not pass by sale of the freehold. Jarechi v. Philharmonic Society, 79 Pa. St. 403; Marshall v. Kaighn, 2 Weekly Note Cas. 426; St. Louis Radiator Co. v. Carroll, 72 Mo. App. 315; Boisot on Mechanic's Liens, section 100; Phillips on Mechanic's Liens, section 178a.

*Seneca N.* and *S. C. Taylor* for respondent.

Under our Mechanic's Lien Law, undeniably gas fixtures, placed in a building with the intention that

they shall remain as a part of the realty, constitute material for which the law gives the right to a mechanic's lien.    McFarlane v. Foley, 60 N. E. Rep. 357; Baum v. Cover, 62 Miss. 113; Phillips on Mechanic's Liens (3 Ed.), sec. 177; Ewell on Fixtures, page 300; Electrical Supply Co. v. Electric Light and Power Co., 75 Mo. App. 622; Radiator Co. v. Carroll, 72 Mo. App. 315; Thomas v. Davis, 76 Mo. 72; Sosman v. Conlon, 57 Mo. App. 30; Cooke v. McNeil, 49 Mo. App. 81; Havens v. Fire Insurance Co., 123 Mo. 419, 27 S. W. 718; Machine Co. v. Quarry Co., 151 Mo. 501, 52 S. W. 401; Hopnell v. Bank, 150 Mass. 519; Erdman v. Moore, 32 Atl. Rep. (N. J.) 958; Trust & Safe Deposit Co. v. Hotel Co., 26 Weekly Law Bulletin 149; Funk v. Brigoldi, 4 Daily Rep. 359; Monte v. Barnes, 70 Law. J. K. B. 225 (English); Stack v. Eton Co., 4 Ont. Law. Rep. 335.

GOODE, J.—Action to enforce a lien. The items in controversy are gas fixtures. It is admitted the plaintiff company put the gas fixtures into the building, but the appellants contend gas fixtures are not lienable articles within the meaning of the statute giving liens for material furnished and labor done on a building. It appears to be conceded that such fixtures may be put into a house under circumstances showing an intention to make them a permanent part of the realty, in which event they are lienable articles. The exact dispute between the parties to this litigation is whether an intention of that kind fairly appears from the evidence—in other words, whether there was any competent evidence to prove it existed. The appellant says there was not, because the evidence goes no further than that the attachments were bought for use in the houses and connected with the gas pipes, which facts are argued to be insufficient to show an intention to make them part of the realty. To the contrary, the respondent contends that it was fairly inferable from the evidence that when

the houses were built, the owners of the premises had the gas appliances attached as permanent parts of the freehold, or fixtures in law. The articles in question were hall and room pendants, chandeliers, brackets and globes. The Patomac Realty Company had the buildings erected—three two-story houses with four flats to each house, on three contiguous lots owned by said company in the city of St. Louis. William Gottlieb was president of the company. The plans were prepared by an artchitect and superintendent of construction, who testified that the contract for the erection of the houses was let to Rychliki Bros. and the houses were completed by that firm with the exception of some items not included in the contract. Among the items not included in the contract with Rychliki Bros. were the gas fixtures and heating apparatus. A separate contract for the gas fixtures was let by Gottlieb to the plaintiff, the Frank Adam Electric Company, and pursuant to that contract said Electric Company put in the fixtures. Subsequently the houses and lots were sold to different purchasers who are named as defendants in this action. It was in proof that after the sale the fixtures remained in the houses and attached as before; but whether they passed with the houses as part of the consideration for the gross purchase price of the premises, or were the subject of separate bargains between the Patomac Realty Company, the original owner, and its vendees, does not appear. Nor is there anything tending to prove an intention on the part of the Patomac Realty Company when it had the lighting appliances put in, that they should constitute part of the freehold. The fixtures were attached to the gas pipes in the usual way; as, of course, they would be, whether the owner of the property designed to treat them as part of the realty or as personal chattels. In truth, this idea of "intention," though it will throw light on whether many articles are fixtures, assists but little in the present case, unaided, as it is, by facts to show a purpose regarding the future

disposition of the articles was in the mind of the proprietor when the articles were ordered. Gas fixtures are not things which distinctly indicate whether or not they are designed to be permanent appurtenances. They, themselves, do not speak on the subject. If the owner of a factory puts in machinery suitable for the kind of manufacturing to be carried on, the inference is strong that he intended the machinery to constitute part of the plant and to be used permanently in connection with it. But the mere fact that the owner of a house buys gas fixtures and has them attached to the pipes, has no tendency to prove an intention on the subject one way or the other. Doubtless in such case the owner takes no thought of whether he will leave the fixtures attached to the house if he sells it, or even if he continues to occupy it. Future circumstances will control his conduct with reference to them. If he sells the premises he may dispose of the gas fixtures separately or not. And in case he continues to occupy the premises, he may use them until worn out, or detach them and substitute others in their places. Gas chandeliers are often changed into electroliers, or taken down and drop lights or table lamps used instead. Convenience and fashion dictate the course to be pursued in regard to such articles. There is a wide diversion of judicial opinion as to whether gas attachments are to be regarded as part of the realty. In these days, when families shift about so much, such articles are commonly treated as furniture, rather than fixtures. As between a vendor and a vendee, it is the declared law in this State that they are personalty and do not pass by a conveyance of the premises. This was expressly decided in Rogers v. Crow, 40 Mo. 91. The plaintiffs in that case were the vestrymen of St. Paul's Parish, a Protestant Episcopal congregation in the city of St. Louis, on whose church edifice a deed of trust had been placed and subsequently foreclosed. The defendants held title under that foreclosure sale and kept the gas attachments as constituting part of the building.

The vestrymen instituted the action to recover the value of the gas fixtures and the organ in the building, alleging that those articles had been unlawfully converted by the defendants to their own use. The point was whether the organ and gas fixtures passed by the foreclosure of the deed of trust. In other words, whether they were part of the realty. The lower court decided that the gas attachments and organ were not fixtures and part of the house and did not pass with the sale under the deed of trust. As to the gas fixtures this decision was affirmed, the Supreme Court saying: "It has been uniformly held that lamps, chandeliers, candelabra, sconces, brackets and the various contrivances for lighting houses by means of candles, oils or other fluids, or gas, are not fixtures and do not form a part of the freehold so as to pass by a sale of the realty." The opinion then proceeds to review decisions approving this rule in New York, Massachusetts, South Carolina and Pennsylvania, in which it is the law to this day that gas fixtures (so-called) are not fixtures in a legal sense or part of the freehold. Counsel for the plaintiff insist that while that decision settles the rule between the vendor and the vendee of real property, it does not conclude the plaintiff's right as a materialman to a lien for putting in the lighting attachments in question. In other words, that the rule as to what is a fixture or constituent part of a house, is more favorable to lienors than to vendors. Courts give a liberal construction to lien statutes, but in construing them, must not abandon the fixed definitions and principles of law. The rule designating what things are fixtures and will pass with the freehold, regards various appurtenances of a building as fixtures which would be regarded as chattels in a dispute between a landlord and tenant. The reason is that, for the benefit of trade, tenants are allowed to remove from a building, when their terms expires, many articles which they have attached to it for temporary use. But we have found no decision that an article should be

held a fixture for the purpose of giving a lien, which would be held personalty in a transaction between the vendor of premises and a purchaser. We think that in whatever way the question arises, it should be determined by the same test, if there is to be any settled rule of law on the subject.

In St. Louis Radiator Co. v. Carroll, 72 Mo. App. 315, this court said that gas chandeliers were not fixtures. The remark was a dictum, but, taken in connection with the reason assigned for the decision given in the case, has weight. The court held that a radiator heated by a furnace in the basement of a house, with pipes running through the building, was a fixture, for which a lien would lie; because it was annexed to the building, and adapted to its use, with the intention of making it an addition to the freehold. But the opinion noticed a decision in Pennsylvania (Bank v. North, 160 Pa. St. 303) that a radiator, warmed by pipes not originating in the dwelling, but running from a general plant established in another part of the city, was no fixture. Now, this court said that the radiator in the Pennsylvania case was like a gas fixture, in that it was served through pipes connected with an outside plant, instead of constituting a self-sufficient apparatus appurtenant to the particular house. If we were unhampered, a great deal might be said in favor of the view that gas chandeliers are fixtures; but we feel bound by the previous rulings in this State. This will not be understood as an intimation that we deem those rulings unsound, for we do not. We intend to say no more than that the question is not an open one.

Numerous cases have been cited by counsel on both sides which support their respective contentions. We have carefully read them all and learned from them how conflicting the law on the point is in different jurisdictions. We think it would be useless to review those cases in detail, or do more than mention them. The following decisions treat gas chandeliers as fixtures, and

some of them decide distinctly that they are lienable articles.    McFarlane v. Foley, 60 N. E. Rep. 357; Baum v. Cover, 62 Miss. 113; Stack v. Eton Co., 4 Ont. L. R. 335; Johnson v. Wiseman, 4 Metclf. (Ky.) 357.    The cases next cited hold that whether such articles are fixtures or not, depends on the intention  of the owner  to make them permanent.    Erdman v. Moore, 32 Atl. Rep. (N. J.) 958; Central Trust Co. v. Hotel Co., 26 Wkly. Law Bul. 149; Funk v.  Brigoldi, 4  Daily Rep. 359; Monte v. Barnes, 70 Law J. K. B. 225.    The following cases hold that gas attachments and like articles are are not, technically speaking, fixtures or part of the freehold.    McKeage v. Ins. Co., 81 N. Y. 38; Lawrence v. Kemp. 1 Duer (N. Y.) 363; Shaw v. Lenke. 1 Daly (N. Y.) 487; Kirchman v. Lapp, 19 N. Y. Supp. 831; Cosgrove v. Troescher, 70 N. Y. Sup. 764; Manning v. Ogden, 70 Hun 399; New  York Life Ins. Co. v.  Allison, 107 Fed. Rep. 179; Vaughen v. Halderman, 33 Pa. St. 522; Towne v. Fiske, 127 Mass. 125; Chapman v. Ins. Co., 4 Ill. App. 29; Copehart v. Foster, 61. Minn. 132; Montague v. Dent, 10 Rich. (Law) 135; L'Hote & Co. Fulham, 51 La. Ann. 780; Hall v. Trust Soc. 22 Wash. 305. In Jarechi v. Spcoety, 79 Pa. St. 403, and Marshall v. Kaighn, 2 Weekly Note Cas. 426, it was ruled that gas fixtures were not lienable articles.    In the Jarechi case the opinion of the court is as follows:

"The learned legal arbitrator below very properly considered himself bound by the authority of Vaughen v. Haldemen, 9 Casey  522, and decided accordingly; but his report contains a labored argument against the judgment in that case, and we are now urged by the plaintiffs in error to reconsider and overrule it.    Upon the fullest consideration however, we have determined to adhere to it.    It is frankly conceded that the act of  April 14th, 1855, did not operate to extend the lien of mechanics to gas fixtures as distinguished from gas fittings, if a lien for the former did not exist by virtue of the act of 1836. The distinction between the two is well stated and ex-

plained in Vaughen v. Haldeman. We are not satisfied that there is any usage or general understanding contrary to that decision. Houses are considered as finished by the builders when the gas fittings are completed. The fixtures are put up in more or less expensive style, according to the taste and means of the persons who mean to occupy them, whether as tenants or owners. If the tenant puts them in, it is not denied that, as between him and the landlord, they are his, and he may remove them, or they may be sold as his personal property on an execution by the sheriff. No doubt the owner, if they belong to him, often sells them with the house. They add more to the value of the house than they would be worth if removed. But if there is no agreement to sell the house as it is—fixtures and all—the purchaser is not entitled to them."

As said above, our Supreme Court cited with approval the decisions from several States including Pennsylvania, which adhere to the doctrine that gas fixtures, globes and the like, are not part of the freehold. Of course, the evidence might show the owner of the building intended, when he had such attachments put in, to make them permanent parts of his house. We think such an intention is not fairly inferable from the mere fact that they were put in and remained in after the property was sold; which is all there is to prove such an intention in the present case.

The judgment is reversed and cause remanded. All concur. ·