CRANE COMPANY, Respondent, v. EPWORTH HOTEL CONSTRUCTION & REAL ESTATE COMPANY, Defendant, THE TRUST COMPANY OF ST. LOUIS COUNTY, and EDWARD WILKE, Appellants.

St. Louis Court of Appeals, December 11, 1906.

1. MECHANIC'S LIEN: Fixtures: Intention. In an action to enforce a mechanic's lien for fire apparatus attached to standpipes in a building, a finding by the trial court that the owner *intended* the attachment should be permanent, being supported by substantial evidence, is binding upon the appellate court.

2. ———: ———: Rule. The rule with relation to fixtures in an action to enforce a mechanic's lien, is the same as that which obtains in determining what is a fixture as between mortgagor and mortgagee or vendor and vendee.

3. ———: ———: Fire Hose. Where standpipes were built up in a hotel and hose with nozzle and hose-rack permanently attached to the standpipes, with the intention of making them a part of the equipment of the building, the hose, nozzle and rack were fixtures for which a mechanic's lien could be enforced against the building.

4. ———: Affidavit: Information and Belief. Where an affidavit in verification of a mechanic's lien account was formal in every particular except that the name of the owner was given upon the "information and belief" of the affiant, it was a sufficient compliance with the requirement of section 4207, Revised Statutes of 1899.

5. ———: ———: Liberal Construction. The mechanic's lien law of this State is liberally construed by the courts and the rigid rules in attachment proceedings, regarding forms of affidavits for attachments, do not apply to mechanic's lien proceedings.

121 App—14

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

*T. K. Skinker* for appellant.

(1) The apparatus sold to the hotel company do not entitle the plaintiff to a mechanic's lien; (1) because there is no such attachment to the freehold as makes them fixtures; (2) because there is no evidence of intention that they should become permanently attached to the freehold. Rogers v. Crow, 40 Mo. 91; Electric Co. v. Gottlieb, 112 Mo. App. 226; Graves v. Pierce, 53 Mo. 423; Richardson v. Koch, 81 Mo. 264; Marshall v. The Bank, 76 Mo. App. 92; Sosman v. Conlon, 56 Mo. App. 25; Baldwin v. Merrick, 1 Mo. App. 281; Goodin v. Elleardsville Hall Assn., 5 Mo. App. 289; Boston Furnace Co. v. Dimock, 158 Mass. 552; Press Brick & Machine Co. v. Brick & Quarry Co., 151 Mo. 501; Hooven v. John Featherston's Sons, 111 Fed. 81; Voorhis v. Freeman, 2 Watts & S. 116; St. Louis Radiator Mfg. Co. v. Carroll, 72 Mo. App. 315; Bank v. North, 160 Pa. 303. (2) The account filed for lien was improperly admitted in evidence because the ownership of the property sought to be charged was not positively sworn to. R. S. 1899, sec. 4207; State v. Headrick, 149 Mo. 396; Ackerman v. Green, 107 Mo. App. 341; Mowry v. Sanborn, 65 N. Y. 581; Barnett v. Clooney, 68 Mo. App. 146; Nordine v. Knutson, 62 Minn. 264; Iron Roof & C. Co. v. Thacher, 87 Ala. 458; Grey v. Vorhis, 15 Hun 612; Dorman v. Crozier, 14 Kan. 224; Peck v. Chambers, 44 W. Va. 270; State v. Hayward, 83 Mo. 299; Forbes v. Hyde, 31 Cal. 342; Feikert v. Wilson, 38 Minn. 341; Sydner v. Tatman, 6 Tex. 189; Bank v. Alberger, 78 N. Y. 252; Greene v. Tripp, 11 R. I. 424; Neal v. Gordon, 60 Ga. 112; Denfre v. Isenach, 9 Ga. 598; Dyer v. Flint, 21 Ill. 80; Archer v. Claflan, 31 Ill. 306; Jackson v. Burke, 4 Heisk, 610;

Evarts v. Becker, 8 Paige, 506; Dunlevy v. Schartz, 17 Ohio St. 640; Garner v. White, 23 Ohio St. 192; Wilson v. Arnold, 5 Mich. 98; R. S. 1899, section 371; Bray v. McClury, 55 Mo. 128; Burnett v. McCluey, 92 Mo. 230; R. S. U. S., sec. 5278; R. S. 1899, p. 2460; Ex parte Smith, 3 McLean 120; Ex parte Spears, 88 Cal. 650; Armstrong v. Sanford, 7 Minn. 49; Campbell v. Morrison, 7 Paige 157, 160; Rateau v. Bernard, 12 How. Pr. 464; Roome v. Webb, 3 How. Pr. 327; Adamson v. Wood, 5 Blackf. 449; Hitchcock v. Herzer, 90 Ill. 543; Brown v. Cowee, 2 Douglas (Mich.) 432; Jenkins v. Telegraph Co. (Cal.), 31 Pac. 570; Machine Co. v. Hayes (Kan.), 53 Pac. 70; Clarke v. Bank, 57 Neb. 314; Ex parte Bank, 7 Hill 177; Dennis v. Coker, 34 Ala. 611; Pickel v. Ezzell, 27 Ala. 623; Heffron v. Rice, 40 Ill. App. 244, 254; Tailoring Co. v. Belding, 40 Ill. App. 326; 3 Daniel's Chancery Practice, 1939; Finley v. West, 51 Mo. App. 571; Philips on Mechanics' Liens, section 366a; Laswell v. Church, 46 Mo. 279; Steamboat Osprey v. Jenkins, 9 Mo. 635, 643; Campbell v. Morrison, 7 Paige 160.

*Nagel & Kirby,* and *Truman P. Young* for respondent.

(1) The articles on account of which a lien was sustained in favor of the plaintiff are such as may become fixtures by attachment to the realty and such as will sustain a mechanic's lien if so attached and the method of attachment shown in evidence constitutes them a part of the realty. Goodwin v. Ellardsville Hall Assn., 5 Mo. App. 289; Sosman v. Conlon, 57 Mo. App. 25; Cooke v. McNeil, 49 Mo. App. 81; O'Brien v. Hanson, 9 Mo. App. 945; Brick Co. v. Gratiot, 151 Mo. 501; Electric Co. v. Rolla, 75 Mo. App. 622; Radiator Co. v. Carroll, 72 Mo. App. 315; Heidegger et al v. Milling Co., 16 Mo. App. 327; Riley v. Hudson, 62 Mo. 383; Spruhen v. Stout, 52 Wis. 517; Windmill Co. v. Baker, 49 Kan. 434; Forbes v. Electric Co., 19 Ore. 61; Short v. Miller, 120 Pa. 470;

Harris v. Schultz, 64 Ia. 539; Derrickson v. Edwards, 29 N. J. Law 468; Hughes v. Lambertville, 53 N. J. Eq. 435; Grosz v. Jackson, 6 Daly (N. Y.) 463; Ward v. Kilpatrick, 85 N. Y. 513; Grewor v. Alloway, 3 Tenn. Chan. 584; Halley v. Alloway, 78 Tenn. 523; Shaper v. Bibb, 71 M'd. 145; Dimmick v. Cook Co., 115 Pa. 573; Light Co. v. Gill, 14 Pa. Cr. Ct. R. 6; Jerachi v. Philharmonic Society, 79 Pa. 403; Carey v. McCarty, 50 Pa. 744; Lehmer v. Horton, 93 N. W. (Neb.) 964; Scranivin & Porter v. Mineral Water Co., 25 R. I. 318; Williams v. Powell, 78 Pac. 725, 145 Cal. 259. (2) The question whether an article is a fixture or not in a mechanic's lien suit is one of fact. The trial court made a full and complete finding as to the facts and this finding is conclusive here. Williams v. Porter, 51 Mo. 441; Baumhoff v. Railway, 171 Mo. 120; City of DeSoto v. Insurance Co., 102 Mo. App. 1; Bozarth v. Legion of Honor, 93 Mo. App. 564; Ins. Co. v. Mangold, 94 Mo. App. 125; Sutler v. Raeder, 149 Mo. 297; Sinclair v. Railway, 70 Mo. App. 588; Swayze v. Bride, 34 Mo. App. 414; Hendrickson v. Grable, 157 Mo. 42. (3) The affidavit attached to the lien account was in all respects sufficient. Leisse v. Schwartz, 6 Mo. App. 415; Finley v. West, 51 Mo. App. 571; McAdow v. Sturtevant, 41 Mo. App. 220; Madden v. Paroneri Realty Co., 75 Mo. App. 363; Cahill v. Ely, 55 Mo. App. 106; Steinman v. Strimple, 29 Mo. App. 485; Bruce v. Hoos, 48 Mo. App. 165; Simmons v. Carrier, 60 Mo. 581. (4) The mechanics' lien law should be liberally construed to effect the just and beneficent purposes intended. Putnam v. Ross, 46 Mo. 337; Oster v. Rabeneau, 46 Mo. 595; DeWitt v. Smith, 63 Mo. 263; Hicks v. Scofield, 121 Mo. 381; Lumber Co. v. Clark, 172 Mo. 598.

BLAND, P. J.—The Epworth Hotel was erected on a parcel of ground three hundred by two hundred feet, in the county of St. Louis, near the western boundary line of the city of St. Louis. Standpipes to contain wa-

ter under pressure were run up through the floors and roof of the building. Respondent, a corporation, sold defendant Epworth Hotel Construction & Real Estate Co., also a corporation, certain fire apparatus aggregating seven hundred and seventy-five dollars and eighty-five cents, of which defendant paid three hundred dollars, failing to pay the balance; respondent, within four months from the date the account accrued, filed a mechanics' lien on the building and the ground, and gave the statutory notice of its filing and in due time brought this action to foreclose the lien, making the Trust Company of St. Louis county and Edward J. Wilke defendants, for the reason one is the trustee and the other the beneficiary in a recorded and unsatisfied deed of trust on the property. The issues were tried by the court without the aid of a jury. The court, in regard to the law of fixtures, declared as follows:

"The court declares the law to be that the plaintiff is not entitled to a mechanics' lien, unless the fire apparatus described in the bill of account attached to plaintiff's petition, or some certain and definite part thereof, was attached to the said Epworth Hotel and became a fixture and a part of the realty for which a mechanics' lien is allowed by law. And the question whether or not said fire apparatus did become a fixture as aforesaid, is a question both of fact and of intention.

"And in case the court finds from the evidence that the said fire apparatus was furnished by plaintiff for the purpose of being attached, and the whole or any definite part thereof was afterwards actually attached to and became a part of the Epworth Hotel, with the intention on the part of the defendant, Epworth Hotel Construction & Real Estate Company, that such fire apparatus should be and become a permanent attachment and fixture to the said Epworth Hotel, and a permanent appurtenance thereto and part thereof, then the court should find a judgment sustaining a lien in favor of plaintiff

upon the property of the said defendant for the reasonable value of the fire apparatus so actually used and attached, less the credits to which defendant is entitled upon said account as defined in a subsequent declaration of law, with interest at six per cent per annum from the time of demand, as specified in the preceding instruction."

The court made the following finding of facts:

"The court, sitting as a jury, finds the facts to be that the plaintiff, Crane Company, sold to defendant, Epworth Hotel Construction & Real Estate Company, thirty-three outfits of fire apparatus at $19.25 per outfit, each outfit consisting of one section of 1½ inch cotton-lined hose 75 feet in length, one 1½ inch special brass hose nozzle and one No. 15 Dewey hose rack, and also three outfits at $46.50 per outfit, each consisting of one section 2½ inch special nozzle and one No. 6 swing hose rack or reel and also twenty (for 35 cents) 1½ inch rubber hose washer, and that the prices so charged were agreed upon by and between said Crane Company and the Epworth Hotel Construction & Real Estate Company and were the reasonable value of such materials and amounted in gross to the sum of $775.85, and the court finds that said materials were furnished by plaintiff for the original construction of and for the purpose of being attached to the Epworth Hotel and that the last delivery under said contract was made by the plaintiff on the 17th day of June, 1904.

"That of the goods so furnished thirty-two of the thirty-three outfits, consisting of Dewey hose racks equipped with 1½ inch hose and nozzles, together with twenty washers, were shortly after delivery attached to the Epworth Hotel with the intention on the part of the Epworth Hotel Construction & Real Estate Company, that they should become a part of and a permanent appurtenance and fixture to the said Epworth Hotel.

"And the court finds that the three outfits consist-

ing of swing hose·racks or reels equipped with 2½ inch hose and nozzles, were not attached to said hotel, but that the reels only were attached thereto and that the hose was wound thereon, but was not otherwise attached to the said Epworth Hotel.

"And the court finds that, as a matter of fact, under and according to the foregoing declarations of law that thirty-two outfits, consisting of Dewey hose racks and 1½ inch hose nozzles, became and are fixtures to the Epworth Hotel, and that one outfit, consisting of one Dewey hose rack and one section 1½ inch hose and one 1½ inch nozzle, and also three outfits, consisting of swing hose racks or reels equipped with 2½ inch hose and nozzles, did not become and are not fixtures to the said Epworth Hotel.

"And the court finds that since the thirty-two outfits aforesaid were delivered by the Crane Company and attached to the said Epworth Hotel with the purpose and intention aforesaid, said outfits have remained permanent attachments and appurtenances to the said Epworth Hotel and have never since been detached or removed.

"And the court further·finds that the reasonable value of the materials which were attached and became fixtures to the said Epworth Hotel namely, of the thirty-two outfits aforesaid, is the sum of $616.35, and that the reasonable value of the materials which did not become fixtures and were not attached to the Epworth Hotel is the sum of $159.50 and that defendant has paid to plaintiff the sum of $300 on account of said materials, after the sale and delivery of all of the same.

"And the court finds that the plaintiff served a notice upon defendant, Epworth Hotel Construction & Real Estate Company, on the twenty-first day of September, 1904, of its intention to file a lien upon the property of defendant, and that ten days thereafter, and within four months from the date when the last items

of said bill were furnished, to-wit, on the first day of October, 1904, plaintiff filed its lien with the clerk of the circuit court of the county of St. Louis.

"And the court, applying the payments made by defendant according to the declarations of law, finds that the plaintiff is entitled to a lien upon the Epworth Hotel building described in the petition for the sum of $475.85, with interest amounting to $18.95, or a total of $494.80, and to a general judgment against the defendant Epworth Hotel Construction & Real Estate Company, for the same sum, with costs."

Defendants Trust Company of St. Louis county and Edward J. Wilke appealed from the judgment.

The evidence shows the items the court found to be lienable, namely, thirty-two outfits of fire apparatus, each apparatus consisting of seventy-five feet of cotton lined fire hose, one and one-half inches in diameter, hose nozzles one and one-half inches in diameter, and fifteen No. 1 Dewey hose racks, were attached to the standpipes. The manner of attaching the apparatus to the standpipes is correctly described in appellants' statement and is as follows:

"About three feet above the floor in each story of the building in every standpipe there was an aperture over which was permanently fastened a valve through which water might flow.    A projection over each of these valves was provided on the outside with a thread. The hose were attached to these projections by the use of these threads.    The attachment was made by screwing the hose on to the projecting part of the valve.    This could usually be done by a man with his naked hand. The hose could likewise be detached with the naked hand, though a wrench was provided to be used for tightening and loosening the attachment.    The hose could be attached to or detached from the standpipe without marring the pipe in the least.    The racks described as baskets were attached to the standpipes just

below the valves by means of iron clamps which opened and shut and were thus closed around the pipes and were held in place by means of a nut and bolt in each clamp. The clamps were so made that you could lift the basket off and set it on as you would lift an old-fashioned gate off and on its hinges. Hose of other makes besides those furnished by the plaintiff could be used in connection with the standpipes in this building and some furnished by another party were so used, though they are described as being inferior in quality. They were, however, made to fit the valves just the same."

The affidavit to the lien sets forth that the account is a just and true account; that the materials were furnished at the request of the Hotel Company, describes the land, etc., on which the building is situated, and concludes as follows: "That at and during the accruing of said indebtedness said Epworth Hotel Construction & Real Estate Company, as affiant is informed and believes, was and now is the owner of the above described lands, buildings, improvements and appurtenances, and which said lands, buildings and improvements and appurtenances are intended to be charged with this lien."

1. Appellants offered an instruction in the nature of a demurrer to respondent's evidence. The refusal of the court to grant this instruction is assigned as error. The contention is, first, that the evidence shows the fire apparatus was not a fixture; second, the affidavit to the lien account is insufficient to support the lien. The standpipes, though forming no part of the building were built up through it with the intention that they should be permanent, and for this reason were appurtenant to the realty. The hose and Dewey baskets were attached to the standpipes in such a manner that they could be easily detached without damage to the pipes or the building, but the pipes were absolutely useless without the hose attachment, and the trial judge found the owner intended the attachments should be perma-

nent, and this finding is supported by substantial evidence and hence is binding upon us. This finding distinguishes the case from that of Rogers v. Crow, 40 Mo. 91, where it is held there is nothing to distinguish gas fittings from lamps, candlesticks and chandeliers, and for this reason they were not fixtures. Further on in the opinion, at pages 95-6, the learned judge who wrote the opinion said: "In general, it may be said that as between vendor and vendee the purchaser is clearly entitled to everything that has been annexed to the freehold with a view of increasing its value or adapting it to the purposes for which it is used; and within this principle it has been held that pipes and bath tubs of a dwelling, the counters of a store, the vats, stills and kettles of a brewery or distillery, are fixtures. Cohen v. Kyler, 27 Mo. 122; Tabor v. Robinson, 36 Barb. 485; Man v. Schwarzwalder, 4 E. D. Smith, 273; Bryan v. Lawrence, 5 Jones 337.

"Mr. Dane, in his Abridgment of American Law, remarks, 'it is very difficult to extract from all the cases as to fixtures, in the books, any one principle upon which they have been decided; though being fixed and fastened to the soil, house, or freehold, seems to have been the leading one in some cases, though not the only one.' And he further remarks, 'not the mere fixing or fastening is alone to be regarded, but the use, nature and intention'—3 Dane's Abr. 156.

"In Teaf v. Hewitt et al., 1 Ohio S. T. 511, Ch. J. Bartley, after a very able review of the authorities, reached the conclusion, that the united application of the following requisites might be considered the safest criterion of a fixture:—'1. Actual annexation to the realty or something appurtenant thereto. 2. Application to the use and purpose of that part of the realty with which it is connected. 3. The intention of the party making the annexation to make the article a permanent accession to the freehold; this intention being

inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose and use for which the annexation has been made.'" In Electric Light Co. v. Gottlieb, 112 Mo. App. 226, 86 S. W. 901, we followed the Roger case and held that gas fittings were not fixtures.

In St. Louis Radiator Mfg. Co. v. Carroll, 72 Mo. App. l. c. 319, this court, through BOND, J., said:

"Fixtures are chattels personal which may become a part of the freehold by the manner, purpose and intention with which they are affixed to the realty or something appertaining thereto. There is an essential distinction between such things as are deemed fixtures between heir and personal representative, vendor and vendee, mortgagor and mortgagee, and those things which a tenant may remove at the end of his term. The statutes relating to mechanics' lien clearly intend that it shall extend to whatever is a fixture under the broader rule applicable to the former class. While the decisions on this subject depend much on the facts of the particular case, the principle to be extracted from them is that a fixture of the class under discussion is made up of three elements, annexation, adaptation and intent. Of these in modern times the latter two are more important than the one relating to the method by which the chattel is attached to the freehold. Such annexation, though slight and easily displaced, will not prevent an article becoming a fixture which is adapted to the proper use of a building, and which was placed therein by the owner with the intent of forming a part of the special object and design for which the building was constructed. [Thomas v. Davis, 76 Mo. 72; Thomas v. Rogers, 40 Mo. 91; Sosmon v. Conlon, 57 Mo. App. l. c. 30; Davis v. Mugan, 56 Mo. App. 371; Cooke v. McNeil, 49 Mo. App. l. c. 81; Dimmick v. Cook, 115 Pa. St. 573; Capehart v. Foster, 63 N. Y. (Supp.) 257.]" And held that

radiators attached in a building, however slight and easily displaced, adapted to the proper use of the building and placed there by the owner with the intention that they should form a part of the special object and design for which the building was constructed, did not prevent them from becoming fixtures.

In Supply Co. v. Light & Power Co., 75 Mo. App. 622, plaintiff sold defendant wire which defendant used by stringing wires upon poles erected along the public streets of the city of Rolla, extending them into defendant's electric power house and connecting them there with its electric power plant. The suit was to enforce a mechanic's lien on the plant for the value of the wire. This court held that inasmuch as the wire was attached to the building it formed an integral part of the improvements and was absolutely necessary to the operation of the plant and ought to be regarded as a part of the machinery of the plant and as an appurtenance of the lot upon which the plant was situated. In Hughes v. Lambertville Electric Light Co., 53 N. J. Eq. 435, the same ruling was made on a like state of facts.

In Heidegger v. Atlantic Milling Co., 16 Mo. App. 327, a lien was sustained for bolting cloth which had been made to form a part of the essential machinery of the mill.

In Strickland v. Parker, 54 Me. 263, it is said, in substance, it is regarded as one of the indications that the thing in question is a fixture, that it appears, from the whole case that such was the intention of the owners of the soil who erected it.

In McLean v. Palmer, 2 Kulp (Pa.) 349, it is said: "The clear tendency of modern authority seems to be, to give pre-eminence to the question of intention to make the article a permanent accession to the freehold, and the other tests seem to derive their chief value as evidence of such intention."

In Press Brick & Mach. Co. v. Brick & Quarry Co., 151 Mo. 501, 52 S. W. 401, it was ruled:

"The Missouri mechanic's lien law gives a lien where the machinery or material furnished is intended by the owner of the property to become a part of the building, manufactory or plant, and it is immaterial whether they are used in constructing a new building to be used for that purpose or are used by the owner in converting an existing building into a manufacturing plant.

"The intention of the owner of the property, in attaching machinery to a house, is the best criterion in determining whether or not it became a part of the realty, and the adaptability of the machinery to the uses and purpose to be subserved is the next best test."

Tyler v. White, 68 Mo. App. 607, lays stress on the intention of the owner to make a heating plant installed in a residence permanent, in holding that the plant was a fixture.

In Hill v. National Bank, 97 U. S. 450, it is held: "The question of whether an article is a fixture or not is governed very much by the intention of the owner and the purpose for which the erection was applied." This case was followed in William Firth Co. v. South Carolina Loan & Trust Co., 122 Fed. 569. Numerous cases from this and other States holding the same doctrine might be cited for they are legion.

In Goodin v. Elleardsville Hall Assn., 5 Mo. App. l. c. 294, it is said: "For the purpose of the mechanic's lien law, we take it that the rules applicable between heir and executor shall be applied."

We are not therefore concerned with those cases where the rule in regard to fixtures is modified to suit the relations between landlord and tenant, or where the premises in question are fitted up and used for manufacturing or trade purposes. The purpose for erecting the standpipes in the hotel was to afford protection

against fire. Of themselves the pipes did not accomplish this object. To complete the design for protection, it was essential that the hose and attachments be provided, and they were provided and attached to the pipes and became an integral part of the original design, and it seems to us were as much a fixture as the pipes themselves. But it is contended as there is no permanent and habitual use of the hose and attachments, they should not be regarded as fixtures. That their presence and readiness for use diminishes the risk of loss or damage by fire to the premises and affords a present protection to the inmates and guests of the hotel, cannot be doubted. For this reason they are a valuable, if not an essential part of the hotel. They afford protection against fire as a burglar-proof safe used to contain valuables affords protection against burglars. A fire might never occur and the hose and attachments never be called into actual use and the hotel and its contents and inmates might be as safe without them, so a burglar might never attempt to crack the safe and its contents be as secure in a paper box, yet the value of the protection afforded, in the one case by the fire apparatus and in the other by the safe, would be absent and the hazard of loss greatly augmented. It is further argued that as the stand-pipes and hose attachments were not furnished under one contract, there can be no lien for the latter. We fail to appreciate the force of this argument. If one mechanic erects the walls of a house and another puts on the plaster, both may have a separate lien for his labor. The lien is given to every one who does work or furnishes material for the erection, construction or improvement of real estate.

2. Section 4207, R. S. 1899, provides: "It shall be the duty of every original contractor . . . to file with the clerk . . . a just and true account of the demand . . . with the name of the owner or contractor, or both, if known to the person filing the

lien, which shall, in all cases, be verified by the oath of himself or some credible person for him." The affidavit to the lien account filed in this case states: "That at and during the accruing of said indebtedness said Epworth Hotel Construction & Real Estate Company, as affiant is informed and believes, was and now is the owner of the above described lands, buildings, improvements and appurtenances," etc. The contention is that an affidavit on information and belief, as to who is the owner of the premises intended to be charged with the lien, is insufficient to support the lien, and appellants' objection to it as evidence should have been sustained.

In Dorman v. Crozier, 14 Kan. 224, it was held: "An affidavit made by an agent of another, certifying a statement of a claim filed with the clerk of the district court under section 3, of the Mechanic's Lien Law of 1871 (of Kansas), for the purpose of procuring a mechanic's lien on certain real estate, should be sworn to positively;" and that an affidavit on information and belief was insufficient. The section of the Kansas law referred to is similar to section 4207, supra.

In Forbes v. Hyde, 31 Cal. 342, it was held: "An affidavit to obtain an order for publication of summons, which states that the deponent 'has a good cause of action in this suit against the said defendant, and that he is a proper party defendant thereto, as he verily believes,' does not state any fact tending to show a cause of action, and an order and publication based on it are void." The same ruling on a like statute was made by the Supreme Court of Alabama in Globe Iron Roofing and Corrugating Co. v. Thacher, 87 Ala. 458.

To obtain an attachment writ in the State of Rhode Island, the statute requires a positive affidavit as to certain facts. In Greene v. Tripp, 11 R. I. 424, the affidavit for the attachment used the words, "I verily believe." It was held these words did not import the certainty required by the statute and the attachment issued thereon

was void. A similar ruling in an attachment case was made in Steuben County Bank v. Alberger, 78 N. Y. 252. In respect to service of notice of a statutory foreclosure of a mortgage, the New York Court of Appeals, in Mowry v. Sanborn, 65 N. Y. 581, held that an affidavit of service on information and belief in regard to the place of residence of the mortgagor was insufficient to show service. Ackerman v. Green, 107 Mo. App. 431, 81 S. W. 509, was a proceeding under the statute for an examination of a judgment debtor in respect to his property. The statute required the petition to be verified to the best of the knowledge and belief of the affiant. The affidavit was on information and belief. We held the affidavit insufficient, the affiant having failed to disclose the source of his information and belief.

In the case of Leisse v. Schwartz, 6 Mo. App. 413, cited by respondent, the affidavit is not set out in the opinion and all that the court said of it is, "The affidavit filed with the lien was in substantial compliance with section 5, page 909, of Wagner's Statutes. The account sworn to contained the names of the owner and the contractor. It was unnecessary to repeat them in the affidavit." From the language used, we infer the objection was to the contents of the affidavit, not to the manner of its verification.

In Finley v. West, 51 Mo. App. 569, the affidavit was as follows:

"State of Missouri, County of Clay, ss.

"J. E. Lincoln, agent and attorney for B. P. Finley, being duly sworn, on his oath says that he believes the foregoing is a just and true account, etc.

(Signed.)                    JAMES E. LINCOLN.

"Subscribed and sworn to before me this sixth day of October, 1890.                    ————."

The Kansas City Court of Appeals said: "We are of the opinion that an oath on the belief of the affiant is a substantial compliance with the lien law.

The appellate courts of this State have always given a liberal construction to the Mechanic's Lien Law, and have administered its remedial provisions upon prin-'ciples of equity as will appear from the following cases: DeWitt v. Smith, 63 Mo. 263; Hicks v. Scofield, 121 Mo. 381, 25 S. W. 755; Sawyer & Austin Lumber Co. v. Clark, 172 Mo. 1. c. 598, 73 S. W. 137; Steinmann v. Strimple, 29 Mo. App. 478; M'cAdow v. Sturtevant, 41 Mo. App. 220; Bruce v. Hoos, 48 Mo. App. 161; Cahill, Collins & Co. v. Ely, 55 Mo. App. 102.

In Dorman v. Crozier, supra, the affidavit was on information and belief, in respect to the entire contents of the lien statement. In the case at bar the affidavit is positive in regard to every statement required by the statute to be made to entitle respondent to the lien, except as to the name of the owner of the property sought to be charged with the lien. This only is stated on information and belief. It would be an extremely harsh rule to require the lienor to swear positively in every instance to the name of the true owner of the freehold and improvements sought to be charged, a fact that is often difficult to ascertain, especially when there are rival claimants. All the essential facts to entitle respondent to a lien and all the facts of which the affiant could have positive knowledge were sworn to positively, and for this reason we think the affidavit substantially complies with the requirements of the statute.

Attachment is an extraordinary remedy. The writ commands the officer to whom it is directed to seize and levy upon the goods, chattels and real estate of the defendant, in advance of any hearing or trial of the merits; for these reasons the courts have uniformly held every requirement of the law leading up to the issuance of the writ should be strictly complied with. The mechanic's lien law is not a drastic remedy. The filing of the lien statement has no other effect than to impress the property described with a lien to pay a definite sum; to be

available suit must be speedily brought to establish and enforce it. It is given for the benefit of those whose labor and material have been appropriated to the improvement of the property. It is eminently equitable, and we do not think the rigid rules adopted in attachment proceedings should be applied to the mechanic's lien law, and hence do not think the cases cited, supra, as to the sufficiency of the affidavits for attachments are controlling in this case. In our judgment the affidavit is sufficient to support the lien, and the judgment is affirmed. All concur.