J. C. O'DONAL, Appellant, v. C. R. AURENTZ, Respondent.

**Springfield Court of Appeals, December 5, 1921.**

1. **FIXTURES: Electic Light and Gas Fixtures Held Personalty.** Electric light and gas fixtures of small value and simple character purchased by lessee, from a former owner of the building, to which they were attached in the usual way before lessor because the owner, and the removal of which would not injure the realty, *held* a mere personalty which did not pass to lessor with the realty.

2. ———: **Whether Lessee Was Estopped to Assert Ownership of Light Fixtures, Held not Involved in Lessor's Action to Recover Same After Removal.** In a lessor's action to recover electric light and gas fixtures removed by lessee, who purchased them from a former owner of the building, to which they were attached in the usual way, before lessor became the owner, lessee did not lose his right to assert ownership because the lease made no mention or reservation as to the fixtures, considering the small value and simple character of the articles.

Appeal from the Circuit Court of Green County.—*Hon. Orin Patterson,* Judge.

210 M. A.—41

AFFIRMED.

G. G. *Lydy* for appellant.

Even if Aurentz had been the owner of these improvements, his failure to reserve the right of removal in the lease, would estop him from now questioning plaintiff's right to them. St. Louis v. Nelson, 108 Mo. App. 210, 218; Exchange R. E. Co. v. Schuchman Realty Co., 103 Mo. App. 24, 30; Williams v. Lane, 62 Mo. App. 66; Lacey v. Giboney, 36 Mo. 320; 18 A. & E. Encyc. L. (2 Ed.) 359.

*Addison Brown* for respondent.

During all of said time these "gas fixtures" were screwed to the ends of the gas pipes projecting from the walls and ceilings, and can be readily unscrewed. It is held, by the great weight of authority, that, under such circumstances, such gas fixtures are not a part of the realty, even as between vendor and vendee or mortgagor and mortgagee; that they are merely a part of the furniture of the room,— a substitute for the lamps and lamp holders, candlesticks and candleliers, formerly used to hold candles. McKeage v. Insurance Co., 81 N. Y. 38; Jarechi v. Society, 79 Pa. St. 403; Towne v. Fiske, 127 Mass. 125; Montague v. Dent, 10 Rich. Law, 135; Rogers v. Crow, 40 Mo. 91; Ewell, Fixt. 299.

BRADLEY, J.—This cause originated in a justice of the peace court to recover for two months rent on a store building in the City of Springfield, and for some light fixtures alleged to have been wrongfully removed by the defendant. The cause went to the Circuit Court by Appeal, and was there tried before the court without a jury, and the court found for plaintiff on both counts of the petition. Defendant in due time filed his motion for new trial, and was sustained, and plaintiff appealed.

The controversy hinges about the alleged right of plaintiff to recover for the light fixtures. The trial court granted a new trial on the ground that error had been committed "in holding that gas and electric fixtures are realty." Defendant was the tenant of plaintiff, and was operating a grocery store in the building from which he removed the light fixtures. The lease contract was dated April 1, 1919, and made no reservation as to the light fixtures. It does not appear for what length of time the fixtures had been in the building. It does appear, however, that they were in the building when it was owned by one Smith, deceased, and who in his lifetime operated a grocery store therein. Smith's administrator according to defendant, sold him light fixtures, together with a number of other things in the store, at the administrator's sale. Thereafter defendant conducted a grocery store in the building. The heirs of Smith gave a trust deed on the lot and building, and this trust deed was foreclosed and by mesne conveyances plaintiff became the owner, and thereupon plaintiff and defendant entered into the lease contract. Defendant occupied the premises under the contract until about January, 1920, when he moved out and took with him the light fixtures. The fixtures were not elaborate and were of small value. They were fastened to the ceiling in the usual way, and connected up with the wiring of the building. Among the fixtures was one gas chandelier, but the building was not connected with the gas main, hence the gas fixture had not been in use. There is no claim that these fixtures were attached in any peculiar or special manner, or that to remove them or any of them would injure the realty. The whole of the fixtures are valued at only $19, and the gas chandelier alone is valued at $10, thus showing that these fixtures are simple in character. Defendant bought them and used them as his own long before plaintiff became the owner of the building, and removed them before his term had expired. In this situation and on the authority of Rogers v. Crow, 40 Mo. 91; Electric Company v. Gottlieb, 112

Mo. App. 226, 86 S. W. 901; and Crane Co. v. Const. & Real Estate Co., 121 Mo. App. 209, 98 S. W. 795, we hold that these fixtures were mere personalty and that plaintiff cannot recover for them. In the Rogers case, supra, plaintiffs, the trustees of a church building, gave a deed of trust on the lot, building and improvements. This deed of trust was later foreclosed, and the defendants purchased from the purchaser at the foreclosure sale. The church trustees sued to recover for certain fixtures, among which were some gas fixtures. It was held that the gas fixtures did not pass with the realty under the foreclosure sale. A number of cases are cited in that opinion among which is a South Carolina, case, Montugue v. Dent, 10 Rich, 135, where it was held gas chandeliers and pendant hall gas burners did not pass to the purchaser of the real estate. In Electric Co. v. Gottlieb, supra, it was held that gas fixtures were not a part of the realty as between vendor and vendee, nor when the question arises on the enforcement of a mechanic's lien, unless it be shown that the owner when he put them in intended to make them a permanent part of the house. In the Crane case, supra, gas nor electric fixtures were not involved, by the law of fixtures is discussed somewhat at length, and the Rogers case cited with approval. In Hall v. Law Guarantee & Trust Soc. Co., 60 Pac. (Wash.) 643, Trust Co. v. Miller, 56 Pac. (Wash.) 382, and Towne v. Fiske, 127 Mass. 125, it was held that ordinary gas fixtures were not a part of the realty. In Insurance Co. v. Allison, 107 Fed. 179, the United States Circuit Court of Appeals held that under the New York law electric lighting fixtures used in and about a theater building were not a part of the realty. In this last cited case the court said: "Electric lighting fixtures used in and about a theater building, and detachable without injury thereto, such as switch boards used to connect a dynamo with the permanent wiring of the building, chandeliers, and an electric sign, all of which are capable of being used elsewhere, are not a part of the realty, but chattels, under the law of New York."

Plaintiff says in his brief that ·since the lease contract made no mention or reservation as to the fixtures involved that defendant thereby lost his right to thereafter assert any right of ownership. But we do not think under the facts here concerning these simple fixtures that this question is in any wise involved. The action of the trial court in granting· the new trial is affirmed. *Cox, P. J.,* and *Farrington, J.,* concur.