[ Filed March 31, 1890. ]

## J. D. FORBES, RESPONDENT, v. THE WILLAMETTE FALLS ELECTRIC CO., APPELLANT.

LIEN FOR LABOR ON STRUCTURE—ELECTRIC WIRE.—Poles set in the ground connected together by wire in the usual way for the transmission of electricity for the purpose of light and power, constitute *a structure* within the meaning of section 3669, Hill's Code, and a lien attaches for labor performed on such *structure* under employment by the contractor.

EVIDENCE—TIME CHECKS.—Time checks given by the contractor to the laborer, though not conclusive against the owner of the structure, are declarations of the defendant's agent in the line of his employment, and are to be considered and weighed for whatever they are worth ; and if their effect be not countervailed in some way, may be sufficient proof of such claim.

ATTORNEY'S FEES—WHAT AMOUNT REASONABLE.—The statute allows the court to tax an attorney fee in favor of the plaintiff in case of the foreclosure of a lien. *Held*, that when fifteen liens were foreclosed in one suit, ten dollars for each claim was not unreasonable.

LIEN—INTEREST.—On the subject of interest in such case, *The Willamette Falls T. & M. Co.* v. *Riley*, 1 Or. 183, approved and followed.

APPEAL from Multnomah county: L. B. STEARNS, judge.

This is a suit to enforce a number of liens for labor. It is alleged one Stronach had a contract with the defendant corporation to dig holes and place the poles therein and stretch the necessary wires on the same from, at or near the city of Portland to a point at or near Oregon City. The said wires were to be used by the defendant corporation for the purpose of transmitting light and power from the company's works at the falls of the Willamette river to the city of Portland and for other electrical purposes.

The plaintiff, as well as the others whose claims were assigned to him, rest their claim to enforce this lien on the fact that Stronach had a contract with the defendant corporation to do the work which they performed, and that he employed each of said parties, at a fixed rate of wages per day, to assist in its performance.

*J. C. Moreland,* for Appellant.

*C. D. Young,* for Respondent.

STRAHAN, J., delivered the opinion of the court.

The plaintiff's right to the remedy which he seeks must depend on the statute. Section 3669, Hill's Code, provides:

"Every mechanic, artisan, machinist, builder, contractor, lumber merchant, *laborer*, and other person performing labor upon or furnishing material of any kind to be used in the construction, alteration, or repair, either in whole or part, of any building, wharf, bridge, ditch, flume, tunnel, fence, machinery, or aqueduct, or any other *structure* or superstructure, shall have a lien upon the same for the work or labor done or materials furnished by each respectively, whether done or furnished at the instance of the owner of the building or other improvement or his agent, and every contractor, sub-contractor, architect, builder, or other person having charge of the construction, alteration, or repair, in whole or in part, of any building or other improvement as aforesaid, shall be held to be the agent of the owner for the purposes of this act."

The principal question litigated on this appeal is whether or not this statute gives a lien for labor against the property described in the complaint; in other words, do these poles, planted in the ground, connected together by wires and insulators, constitute a *structure*, within the true intent and meaning of this statute? In answering this question, but little aid can be had from the decisions of other States; for the reason that no general principle of law is involved, and such decisions have generally turned upon the special or peculiar phraseology of the particular statute. Without attempting to indulge in any refined distinctions or definitions, and having in view the object and purpose of the enactment in question, I think it may properly be held that the poles, wires, insulators, etc., mentioned in the complaint, constitute a *structure* within the meaning of the statute, and that the same is subject to a lien for labor performed thereon.

In reaching this conclusion, we do not find it necessary to go as far as the court did in *Helm* v. *Chapman*, 66 Cal. 291, where it was held that a mine or pit sunk within a mining claim was a *structure* within the meaning of the statute, giving a lien on a building, improvement or *structure*.

2.   Some question was made as to the insufficiency of the evidence to establish some three or four of these claims; but I think the objection cannot be sustained.   It is shown that Stronach had a contract with the defendant corporation to do the work; that these men each worked on the job under the directions of Stronach or his foreman, and received time checks showing the amount due each; that they filed proper notices of lien, and in most cases the exact number of days and the amount agreed to be paid is fully proven.

The defendant offered no evidence, and what was offered by the plaintiff does not seem to be discredited in any way. Stronach's time checks are not conclusive against the defendant, but they are declarations of the defendant's agent in the line of his employment, and are to be considered for what they are worth.   Any dishonesty or bad faith on his part in the transaction would greatly impair their credit and weaken their force; but we perceive nothing of that kind in this case.

3.   The statute allows the court to tax an attorney's fee in favor of the claimant in case of the foreclosure of liens under the act, and in this case the court allowed a fee of ten dollars for each claim.   We do not think this an unreasonable sum.

4.   The respondent claims interest on each claim, from the date of the filing of notice.   There seems to be no valid objection to this claim, and it will be allowed.

It was said by this court in *Willamette Falls T. & M. Co.* v. *Riley*, 1 Or. 183, that claims for which mechanics may have liens are certainly as much entitled to draw interest after they become due as any other; and we cannot think that for the recovery of such interest it would be necessary to bring a separate suit, or take a separate judgment, but conclude that interest may be computed on lienable demand, and a lien awarded for the entire amount.

The decree will therefore be modified so as to allow lawful interest on each demand from the date of filing notice of the lien, and in all other respects the decree is affirmed.