SOUTHERN ELECTRICAL SUPPLY COMPANY, Appellant, v. ROLLA ELECTRIC LIGHT AND POWER COMPANY et al., Respondents.

St. Louis Court of Appeals, May 17, 1898.

1. **Fixtures.** Applying the ordinary tests in determining what is a fixture or appurtenance, unquestionably the wires belonging to an electrical plant would be regarded as an integral part of the plant or machinery, however far they might be extended from the lot upon which the plant is situated.

2. **Mechanic's Lien on Electrical Plant.** We do not think plaintiff ought to be denied a lien on the property because the wire it sold to Waples was strung upon poles situate in the streets of the city. The wires were attached to the building; they formed an integral part of the improvement, and were attached to it at the time it was built. They are absolutely necessary to the operation of the plant, and hence ought to be regarded as a part of the machinery of the plant and as an appurtenance of the lot upon which the plant is constructed.

3. ———: CORPORATION: MECHANIC'S LIEN. An electric light plant company is only a *quasi* public corporation and must be put in the same category with mills and other manufacturing establishments which add to the general property of the community; and against such a corporation a mechanic's lien can be enforced.

*Appeal from the Phelps Circuit Court.*—HON. L. B. WOODSIDE, Judge.

REVERSED AND REMANDED.

ROBERT L. MCLARAN and THOMAS M. JONES for appellant.

A lien is good if it shows from the account and affidavit that it was filed within the statutory period.

Hayden v. Walfing, 19 Mo. App. 353; Planing Mill Co. v. Allison, 138 Mo. 50. A lien will lie for wires distributed along the streets of a city and connected with the power-house or station, and used for distributing electricity for lighting purposes. Implement Co. v. Electric Light Co., 74 Tex. 605; Fechet v. Drake, 12 Pac. Rep. (Ariz.) 694; Lumber Co. v. Water and Electric Co., 48 Kan. 182. The wire in this case was "appurtenant" to the plant and was the subject of a lien. Wilson v. Beckwith, 117 Mo. 74; Henry v. Plitt, 84 Mo. 237; DeWitt v. Smith, 63 Mo. 266; Kenny v. Apgar, 93 N. Y. 549; McDermott v. Claas, 104 Mo. 14; Cut Stone Co. v. Gray, 114 Mo. 497.

JOSEPH J. CRITES for respondents.

The two points made by appellant as grounds for reversal are as follows: *First*. That a lien will lie against poles and wires distributed along the streets of a city used for the distribution of electricity. *Second*. That such wires and poles would be an "appurtenant" to the lot. The case of McDermott v. Claas, 104 Mo. 25, cited by appellant, is not in point with the issues in this case. In that case the plaintiff seeks to enforce a lien against property for material that entered into and became a part of the sidewalk, adjacent to and along the lot and building. The court in passing upon this matter held "that this was a lienable case for the reason the defendant was the owner of the land to the center of the street on which his property abutted, subject to an easement in favor of the public. Citing Bridge Co. v. Schaubacher, 57 Mo. 582; Ferrenbach v. Turner, 86 Mo. 416; Rude v. St. Louis, 93 Mo. 408. Had the sidewalk in this case extended all over the city on the various streets and thoroughfares

thereof and the property of various people other than the defendant the finding of our supreme court would have been otherwise. Henry v. Plitt, 84 Mo. 237, cited in appellant's brief voices this same theory./ Cut Stone Co. v. Gray is held for plaintiff for the same reason. The case cited of Kenny v. Apgar, 93 N. Y. 549, is also a sidewalk case, with holding by the court in accordance with decisions above mentioned, viz., that a sidewalk in front of, and abutting the owner's premises is an appurtenance to the lot.

BIGGS, J.—The defendant company is the owner of an electrical plant in the city of Rolla. In this action the plaintiff seeks to enforce a mechanic's lien against the plant and the lot upon which the building is situated for a balance due for wire sold by plaintiff to defendant Waples, who had the contract for the construction of the plant. The evidence tended to show that the wires were strung upon poles along the streets of the city, extended into the building and were attached to the dynamo inside of the building. STATEMENT. The plaintiff introduced evidence tending to prove other facts necessary to an enforcement of the lien. Were the wires when strung upon poles an appurtenance of the lot upon which the improvement was made? The circuit court decided this question in the negative and denied the enforcement of the lien. There was a judgment against Waples. From the judgment as to the lien the plaintiff has appealed.

The instructions given at the request of the defendants and those which were asked by the plaintiff and refused by the court indicate fully and clearly the the respective theories of the parties as to the main question in the case. The defendant's instructions are as follows:

"2. If the items named in the account sued on were used by the said Waples in the construction or erection in the streets of the city of Rolla of an electric wire line for the purpose of conducting electricity from a power-house building in said city to the residences of the inhabitants thereof, such items did not become a part of such building, and plaintiff can not maintain a lien on said building or ground whereon situated for such items."

"3. In cities and towns the lien given by law to mechanics and others for labor or materials is confined to the lot upon which the building is erected, and the building and improvements situated

INSTRUCTIONS.

thereon; and in order to maintain a lien on such lot or building, it must be shown that the items were used in the construction of a building or improvement upon such lot."

"4. The fact that a wire may be attached to machinery in such building for the purpose of conducting electricity from the said building to wires strung on poles throughout the streets of such city, will not make such wire and poles a part of said building or an appurtenance of said lot."

The instructions asked by plaintiff are as follows:

"1. The court sitting as a jury, declares the law to be that if it believes and finds from the evidence that plaintiff furnished the material and work and labor mentioned in the petition, for an electric light plant, situated on a lot of ground as set out and described in the petition, under a contract with defendant Walter L. Waples, and that the plaintiff has not been fully paid therefor, then the court will find for plaintiff against defendant Waples, and assess its damages as the balance due it, based upon a reasonable value of said material, work and labor, with interest at the rate of six per cent per annum from the date

VOL. 75 app—40

of this suit. And if the court further finds that said material, labor and work described in the petition was furnished on, to, or for the property described in the petition under said contract, and that the same, notwithstanding the fact that the wire mentioned in plaintiff's account extended from a point within the power-house plant out, into, along and across certain streets in the city of Rolla, was a necessary part and parcel of the equipment and improvement known as the electric light plant, and was and became an integral part of said electric light plant, improvement and equipment, and that said wire was furnished under said contract with defendant Waples; and that said wire and material was embraced in the contract of defendant Waples with the owner or owners of the property; and that plaintiff, within four months after it completed said work, filed in the office of the clerk of the circuit court of Phelps county a just and true account of the demand due it, after all just credits had been given, with the names of the owners and contractor, and a true description of said property, or so near as to identify the same, all verified by the affidavit of an officer or agent of said company, and that more than ten days before the filing of said lien plaintiff gave notice, in writing, to the owner or owners of said property, of its demand, the amount thereof, and from whom due, then the court will also find that plaintiff is entitled to a mechanic's lien on the premises and improvements for such sum as may now be due to it from defendant Waples."

"2. The court sitting as a jury, declares the law to be that the fact that the wire mentioned in plaintiff's petition extended from a point within the power-house of the building mentioned, out, along and across certain streets in the city of Rolla, does not preclude plaintiff from its right to a mechanic's lien on the

building, premises and improvements mentioned in the petition, provided plaintiff has filed its lien, served its notices, and filed its suit within the time limited by law; and provided further, that its notice and lien papers are in form and in substance accurate and sufficient to sustain a lien claim, as mentioned in first instruction.''

Under the instructions given nothing can be treated as a fixture or as an appurtenance of land under our mechanic's lien statute, unless it is situated *entirely* on the land on which the improvement is made. Applying the ordinary tests in determining what is a fixture or an appurtenance, unquestionably the wires belonging to an electrical plant would be regarded as an integral part of the plant or machinery however far they might be extended from the lot upon which the plant is situated. Thus in the case of Fechet v. Drake, 12 Pac. Rep. 694, the supreme court of Arizona held that the wires used in connection with an electric light plant formed an integral part of the machinery situated upon the lot, and passed as fixtures to the mortgagee under a mortgage of the lot, which mortgage contained the clause, ''together with all machinery, including the boiler, engine and dynamo now situated on said land, and together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in any wise appertaining.''

WHAT is a fixture or appurtenance.

It is argued by counsel for respondent that the construction of the mechanic's lien statute which the circuit court adopted is supported by the decisions of the supreme court in the cases of Henry v. Plitt, 84 Mo. 237; McDermott v. Claas, 104 Mo. 14, and Dugan Cut Stone Co. v. Gray, 114 Mo. 497. These were cases in which the plaintiffs sought to enforce mechanics' liens against lots for the construction of sidewalks, in

front of, or adjacent to the lots. In the Henry case the lien was sustained, the opinion stating that "under our statute, which gives a lien for buildings, erections, and improvements upon land * * * it has been the practice to adjudge a lien for fences and walks on the premises when they have been constructed as appurtenant to the buildings, and at the same time." In the McDermott case it was said, "where walks and fences were constructed under one entire contract, the mechanic has a lien for the labor and materials expended on them. * * * This labor and material were lienable. Appellant owned the land to the center of the street on which his property abutted, subject to the easement in favor of the public." * * * The court held that as the house and the walk were constructed at the same time and under one contract, the walk must be regarded as appurtenant to the house. In the Dugan case the title of the street was in the city. The sidewalk was constructed partly on the street and partly on the lot against which the plaintiff enforced a lien for constructing the walk. The court said: "While less than one tenth of the stone furnished by plaintiff was laid upon the lot itself, such part was intended for, and was in fact used, to make an improvement upon the lot and was therefore lienable. As has been seen, the stone used in constructing the sidewalk upon the street adjoining the lot, was an improvement of the lot, and, though not placed upon it, was appurtenant to it. The material for the whole improvement, then, having been purchased under one entire contract, and having been put upon the lot and the adjoining street, was for an improvement upon the lot within the true spirit and meaning of the statute." In the Henry and McDermott cases the sidewalks were constructed entirely on the lots in question. These facts are referred to in the decisions, but we do

not think that they were regarded by the court as pivotal. The decisions were made to turn principally upon the fact that the sidewalks and the houses on the lots were constructed under one contract and as parts of the same improvement, and hence the walks were appurtenances of the lots. This view is strengthened by the remarks of the supreme court in the Dugan case.

There about nine tenths of the sidewalk was built upon the land belonging to the city, yet the court without hesitation sustained the lien. This ruling resulted from a liberal construction of the mechanics' lien statute, which is in harmony with the modern doctrine (which was first adopted in this state in Dewitt v. Smith, 63 Mo. 263) that such a statute is highly remedial and should receive a liberal construction, in order to attain its beneficent objects.

Following this rule of construction we have been led to a conclusion different from that reached by the learned circuit judge. We do not think that the plaintiff ought to be denied a lien on the property because the wire it sold to Waples was strung upon poles situate on the streets of the city. The wires were attached to the building; they formed an integral part of the improvement, and were attached to it at the time it was built. They are absolutely necessary to the operation of the plant, and hence ought to be regarded as a part of the machinery of the plant and as an appurtenance of the lot upon which the plant is constructed. We are supported in this conclusion by the cases of Lumber Co. v. Water Co., 48 Kan. 182, and Implement Co. v. Electric Light Co., 74 Tex. 605. Both of these were suits to enforce mechanics' liens, in which the facts and the questions in judgment were precisely the same as we have here. In both cases the liens were sustained

*WHEN a mechanic's lien will lie.*

under statutes which are not materially different from ours.

The respondents make the further contention that the defendant company is a public corporation; is engaged in a public business—that is, supplying the inhabitants of the city of Rolla with light, and that it would be violative of public policy to allow a mechanic's lien to be enforced against its property. It has been held that a mechanic's lien can not be enforced against a railroad bridge (Dunn v. R. R., 24 Mo. 493), and that such a lien can not be ELECTRIC light plant a quasi public corporation. enforced against a public school building (Abercrombie v. Ely, 60 Mo. 22), or against a public bridge which was a part of the public highway (McPheeters v. Bridge Co., 28 Mo. 465). These cases proceed upon the idea that such corporations are the instrumentalities of the government itself. The defendant corporation can not be so classed. It is only a *quasi* public corporation and must be put in the same category with mills and other manufacturing establishments which add to the general property of a community, and in which the great majority of the people are directly interested.

There are other questions suggested in the briefs which we have considered, but do not deem it necessary to discuss. For the errors pointed out in the instructions, the judgment of the circuit court will be reversed and the cause remanded. All the judges concur.