SCANNEVIN & POTTER *vs.* CONSOLIDATED MINERAL WATER CO.

PROVIDENCE—JULY 8, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Lien. Electric Installation.*

A contractor who furnishes labor and materials in installing electric wires, conduits, switches, etc., in a house, to be used for lighting the same, is entitled to a lien therefor under Gen. Laws cap. 206.

PETITION for mechanics' lien. Heard and granted.

(1)   PER CURIAM. The question raised by this case is whether a contractor who furnishes labor and materials in installing electric wires, conduits, switches, etc., in a house, to be used for lighting the same, is entitled to a lien therefor under chapter 206 of the General Laws. We have no hesitation in answering the question in the affirmative. The materials in question are annexed to the structure, become a part of it, and are intended to remain there until they wear out. The raw materials of which the lighting installation is composed lose their character as yards of wire and individual articles of commerce, and become members of an organized system with parts and proportions adapted to their place and service in the building, and by being adapted to this special use they lose their value for any other. It has been so held in *Mulholland* v. *T. H. Elec. Co.*, 66 Miss. 339.

Under the statutes in Kansas, Missouri, New Jersey, and Oregon, a system of electric poles and wires extending from a central station through the streets has been held subject to a mechanics' lien as fixtures or appurtenances of the station. *Southern Elec. Sup. Co.* v. *Rolla Elec. Light Co.*, 75 Mo. App. 622; *Hughes* v. *Lambertville Elec. Light Co.*, 53 N. J. Eq. 435; *Forbes* v. *Williamette Falls Elec. Light Co.*, 19 Or. 61.

We might hesitate to adopt these decisions under our stat-

ute, but the interior installation, with which we are concerned, is a fixture and part of the freehold in the strictest sense.

*C. M. Lee*, for petitioner.

*Barney & Lee and Van Slyck & Mumford*, for respondent.