Argued February 6, decided March 25, 1908.

ROWEN *v.* ALLADIO.

[93 Pac. 929.]

MECHANICS' LIENS—NOTICE—NATURE OF WORK.

1. Section 5640, B. & C. Comp., provides that every person performing labor on or furnishing material in the alteration or repair of any building, shall have a lien thereon; and Section 5644 requires the filing of a claim containing a true statement of the claimant's demand, together with certain other facts. *Held,* that a notice of a claim for lien for certain materials and labor furnished for S., to be used and which were used in alteration and repair of certain electric wiring and in making connections in and about the building, which was situated on the land described, should be construed to aver that the alteration, repair, and connections were made in and about the building, and was therefore sufficient to make a *prima facie* case for a lien.

SAME—RIGHT TO A LIEN—NATURE OF IMPROVEMENT—ELECTIC WIRING.
     2. Where electric wires are inserted in a building so as to indicate an intention to make them fixtures, they become the property of the owner of the building, and may therefore be the proper subject of a mechanic's lien, under Section 5640, B. & C. Comp.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is a suit by W. G. Rowen against P. Alladio, B. Sargousse and Louise E. Hamilton, to foreclose an alleged lien for material furnished and labor performed on a building owned by the defendant, Louise E. Hamilton. A demurrer to the complaint having been sustained on account of the insufficiency of the lien notice, the suit was dismissed, and from the judgment that followed the plaintiff appeals.                                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Henry Denlinger.*

For respondent there was a brief over the names of *Mr. William T. Muir* and *Mr. George F. Martin,* with an oral argument by *Mr. Muir.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is a suit by W. G. Rowen against P. Alladio, B. Sargousse and Louise E. Hamilton, to foreclose an alleged lien for material furnished and labor performed in placing electric wires in a building owned by Mrs. Hamilton. A demurrer contesting the sufficiency of the lien notice, a copy of which is set forth in the complaint, having been sustained, the suit was dismissed, and the plaintiff appeals.

1. The part of the notification thus challenged is as follows:

"That W. G. Rowen, by virtue of a direct contract heretofore made with P. Alladio and B. Sargousse, copartners, have furnished certain materials to and have performed certain labor for said P. Alladio and B. Sargousse, to be used and which were used by them in the alteration and repair of certain electric wiring and fixing and in making connections in and about the building which is situated on the land hereinafter described."

The statute conferring the right to impose a charge upon specific property as security for the performance of an act is, so far as involved herein, as follows:

"Every * * person performing labor upon or furnishing material of any kind to be used in the * * alteration or repair * * of any building * * shall have a lien upon the same for the work or labor done * * or material furnished at the instance of the owner of the building * * or his agent": B. & C. Comp. § 5640.

The person desiring to secure the benefits thus granted is required, within a stated time after the completion of his contract, to file with the county clerk of the county in which the building is situated "a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, and also a description of the property to be charged with said lien, sufficient for identification, which claim shall be verified by the oath of himself or of some other person having knowledge of the facts": B. & C. Comp. § 5644.

Although the claim filed herein complies with all these necessary requirements, it is argued by defendants' counsel that the lien undertaken to be imposed on the property for material furnished and labor performed was not for the alteration or repair of a building, but of a certain electric wiring and fixing, and also in making connections in and about a building; that it is possible for electric wires to be run into a building and connections made without such wires being attached in any manner to the structure; that the lien notice herein embraces a claim for "the alteration and repair of certain electric wiring," and also for labor performed "in making connections in and about a building"; that, assuming such union was made on the building, the statute does not give a lien for the alteration or repair of electric wires, and as a nonlienable item is thus united in a lump

sum with a lienable charge, from which it is incapable of segregation, the entire claim is unauthorized, and the court properly sustained the demurrer and dismissed the suit. Electricity is now generally used in all cities of any importance in civilized countries to illuminate buildings; but, before such artificial light can be employed for that purpose, wires for transmitting the current must be extended from the station where the electricity is generated, to the places where it is to be put into requisition. The persons, firms or corporations engaged in furnishing electricity, usually at their own expense, set poles and suspend wires thereon, with which connections are made by other wires, so that the current may be conducted into buildings and there used for illumination or for other purposes.

2. The wires employed to distribute electricity to one or more rooms in a building, if attached in such manner as to indicate an intention to make them fixtures, become a part of the structure and are as necessary as conduits for gas or water. These connecting and distributing wires, when made fixtures, become the property of the owner of the building in which they are placed, and the value of the material furnished and of the labor employed in making the improvements are burdens which, under a statute like ours, may be imposed on the land for the construction, alteration or repair of any building: Joyce, Electric Law (2 ed.), § 1015; 20 Am. & Eng. Ency. Law (2 ed.), 310; 27 Cyc. 38; *Scannevin* v. *Consolidated Mineral Water Co.* 25 R. I. 318 (55 Atl. 754). Applying this rule to the notice of lien, though the statement therein, "in the alteration and repair of certain electric wiring and fixing and in making connections in and about the building, etc.," might be susceptible to the interpretation given by the defendants' counsel, a reasonable construction of the language employed tends to show a purpose to aver that the alteration, repair and connection set forth were made in and about the building.

The notice herein makes a *prima facie* case, which, if uncontroverted, would, in our opinion, entitle the plaintiff to a decree of foreclosure; and, this being so, the decree is reversed, and the cause remanded, with directions to overrule the demurrer, and for such other proceedings as may be necessary, not inconsistent with this opinion.

REVERSED.