Argued January 18; modified March 15; rehearing denied
May 10, 1932

## LIVESAY *v.* LEE HING ET AL.
(9 P. (2d) 133)

*W. C. Winslow,* of Salem (Guy O. Smith, of Salem, on the brief), for appellants.

*Allan G. Carson,* of Salem (Carson & Carson, of Salem, and H. Overton, of Woodburn, on the brief), for respondents.

CAMPBELL, J. This is a suit to foreclose a materialman's lien. Plaintiff, a co-partnership, alleges that between June 16, 1928, and September 21, 1928, it furnished to defendants, at their request, building materials, used in the construction of a hop house, of the value of $1,761.08. That no part thereof has been paid. That on November 20, 1928, plaintiff duly filed a notice of claim of lien against said building and the land on which it stands, describing three contiguous, distinct parcels of land, in all containing about 163 acres. It also alleges the cost of filing the lien and $150 as a reasonable attorney's fee, and then prays that the lien be foreclosed on the building and the land described in the notice.

Defendants allege, in effect, that the notice of claim of lien was not filed within the statutory time. That defendants had paid more than was credited on the account. That defendants had not been furnished with a statement of the account showing the quantity of building materials delivered. That defendants do not know how much building material was furnished. That they are willing to pay any balance found due plaintiff, and ask the court to ascertain and establish the amount, if any, due to plaintiff for said building materials.

The new matter in the answer was denied and certain other allegations made which, under the admissions made during the trial of the case, we deem immaterial.

The court gave plaintiff judgment for $1,261.08, with $150 attorney's fees and foreclosed the lien and ordered that the building and the three tracts of land comprising 163 acres, be sold to satisfy plaintiff's claim.

Defendants appeal.

There are three questions presented in the record and the brief of appellants:

1. Was the notice of claim of lien filed within the statutory time?

2. Did defendants prove a payment of $500 more than was credited on the account?

3. Is 163 acres of land a convenient space about the building for its convenient use and occupation, and may this space be fixed by the court without evidence on the subject.

■ 1. The defendant contends that the plaintiff, being a lumber merchant, should have filed its notice of claim of lien within thirty days after it had ceased to furnish material. It is admitted that plaintiff made the contract for the furnishing of the building material directly with the owner of the land and not with a contractor. There is some dispute as to whether the last delivery of lumber that was made on September 21, 1928, became a part of the building. Defendant claims that it went into a shed adjoining the hop house proper, and used in connection therewith. The evidence clearly shows that this shed is a part of the hop house unit, and so necessary a part that it may be considered as one building: *East Side Mill Company v. Wilcox,* 69 Or. 266 (138 P. 843); *Willamette Mills Company v. Shea,* 24 Or. 40 (32 P. 759); *McCormack v. Bertschinger,* 115 Or. 250 (237 P. 363); *Schram v. Manary,* 123 Or. 354 (260 P. 214, 262 P. 263).

We hold with the trial court that the last delivery for the building was on September 21, 1928; that plaintiff was an original contractor; and that the notice of claim of lien, being filed on November 20, was within the sixty-day period.

■ 2. The notice of claim of lien was filed November 20, 1928. It is admitted that on March —, 1929, the

defendants paid $500 and were given credit for this amount by the trial court, but defendants contend that there was another $500 paid by them which should also be credited on the claim. The evidence as to the payment of this other sum is conflicting. The burden of proof being on the defendants to establish the fact, we agree with the trial court that defendants failed to sustain the burden as to the payment of this item.

3. "The land upon which any building * * * shall be constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof (to be determined by the judgment of the circuit court at the time of the foreclosure of such lien) shall also be subject to the liens created by this act, * * *." Oregon Code 1930, § 51-102.

There is no direct evidence in the record as to the amount necessary for the convenient use and occupation of the building. There is an attempt made to show that the land described in the notice of claim of lien is operated as a unit. Plaintiff therefore claims that the court should take judicial notice of the methods and necessities of husbandry. That a hop house without a hop yard is practically useless. That the building is an improvement to the whole farm and therefore the lien should extend to the whole farm.

There are some activities of agriculture that are of such general knowledge that the courts will take judicial notice of them: Oregon Code 1930, § 9-301. We presume that it is generally known that hops enter into the manufacture of beer to a large extent, and were in demand by the great breweries throughout the country prior to the adoption of the Eighteenth Amendment. We do not believe that it is a matter of general knowledge to what extent, if any, the demand still exists for

"home brew" purposes. We cannot assume that the land described in the notice of claim of lien will always be used as a hop yard or that the land would be less valuable for other purposes, in which event the hop house might be more of an encumbrance than an asset.

"A convenient space about the same or so much as may be required for the convenient use and occupation thereof (to be determined by the judgment of the circuit court at the time of the foreclosure of such lien), * * * ."

■ The clause in parentheses simply means that the matter must be determined in the same manner as any other disputed fact. That the judgment of the circuit court may only be exercised when there is some legal evidence for its consideration. The court may only fix the quantity from competent testimony. On foreclosure of a mechanics' lien, the court shall, upon entering a judgment for the plaintiff, "allow  *  *  *  reasonable attorney's fee  *  *  *": Oregon Code 1930, § 51-109. If the allegation of reasonable attorney's fee is denied, the court may make the allowance only upon competent testimony: *Forbes v. Willamette Falls Electric Company,* 19 Or. 61 (23 P. 670, 20 Am. St. Rep. 793); *Title Guarantee, Etc. v. Wrenn,* 35 Or. 62 (56 P. 271, 76 Am. St. Rep. 454); *Sattler v. Knapp,* 60 Or. 466 (120 P. 2).

■ The contention of plaintiff is that the evidence tends to show that the whole 163 acres is required for the convenient use and occupation of the building, and cites and seems to rely largely on *Lindsay v. Gunning,* 59 Conn. 296 (22 Atl. 310, 11 L. R. A. 552).

It will be observed that the Connecticut statute under which *Lindsay v. Gunning,* supra, was decided ("Every building  *  *  *  shall, with the land on which the same may stand, be subject to the payment of such

claim; and said claim shall be a lien on such land, building and appurtenances": Gen. Statute, § 3018) differs materially from the Oregon statute. This was a case where extensive farm buildings were erected on a contiguous tract of 350 acres of land made up of several farms purchased by defendants therein originally from several different owners with the intention of establishing an extensive dairy and operating the whole as a unit. The buildings were even more extensive than was necessary for the 350 acres. The intention of the defendants therein being to acquire much more land and consolidate the whole into one farm. While the decision does not mention the theory of the building being appurtenant to the whole tract, it might well have been rested thereon. It is based on the decision in *Bank, Etc. v. Curtiss,* 18 Conn. 342 (46 Am. Dec. 325), where the lien was claimed on one acre of ground in a village and a house and barn located thereon. In its decision in the case last mentioned, the court says:

"Indeed, we understand the defendants very properly to admit that the lien, if valid for any purpose, not only embraces the structures and the land upon which they stand, but also such easements as are necessary for their use. But what are these? Distributors on the spot might perhaps determine this, and set them out; but we cannot. We think the doctrine recognized by this court, in the case of *Frink v. Branch,* 16 Conn. 261, is properly applicable to the construction of the statute."

When we turn to *Frink v. Branch,* supra, we find the court construing the word "appurtenant" in a deed:

"The property described in the deed is, 'the one-half of a satinet factory, together with one-half of the machinery and other appurtenances thereunto belonging.' The *Habendum* is in the usual form of warranty

deeds, 'with the appurtenances thereto,' etc. By the ordinary use of the word *appurtenances* in the *habendum,* land will not pass as an appurtenant to land; yet technical or other language is often used and understood in an enlarged sense beyond its technical or ordinary use. The question of construction or intention, then, arises. Lord *Coke* says, that by the grant of a messuage or house, the curtilage, garden and orchard do pass, though not land at a distance. And so an acre or more may pass, by the name of a house. Co. Lit. 215 b, note 35 * * * and Mr. *Chitty* says, it has been holden, that under a devise of a messuage with appurtenances, not only the house passes, but also land occupied with the same, and highly convenient for the use of it. 1 Chitty's Gen. Pr. 158. Plowd. 171. 3 Leon. 214. Litt. Rep. 6. *Hearne v. Allen,* Cro. Car. 57. Hutton 55. *Gulliver v. Poyntz,* 4 Wilson 141. In view of this evidence of the common law we are of opinion, that other land, more than that covered by the building, passed by the mortgage in question.''

So it will be seen that the Connecticut decisions really rest on the meaning given to the word ''appurtenant'' in the statute. It will be further observed that the Connecticut statute does not contain the provision, ''(to be determined by the judgment of the circuit court at the time of the foreclosure of such lien)''.

*Ford v. Springer Land Association,* 8 N. M. 37 (41 P. 546); *Hess Flume Co. v. La Junta, Etc.,* 63 Col. 236 (166 P. 246), being cases of liens on irrigation canals and ditches, etc., are easily distinguishable from liens on ordinary buildings on farm lands. The courts take judicial notice that arid lands are practically worthless without water. When placed under irrigation canals and ditches their value is much enhanced. In fact, it is the water service that gives such lands value for almost any purpose.

''Liens are properly confined to the lands necessary and convenient to the use and occupation of the

particular buildings upon which the work was done."
Law of Mechanics' Liens, Bloom, 396; *Macomber v.
Bigelow,* 126 Cal. 9, (58 P. 312).

"The statute does not contemplate that sufficient
land around a dwelling house to support the owner
while living therein shall be set apart, and it was held
error to set apart forty acres of land around a dwelling
house as being required for convenient use and occupa-
tion." The Law of Mechanics' Liens, Bloom, 296;
*Cowan v. Griffith,* 108 Cal. 224 (41 P. 42, 49 Am. St.
Rep. 82).

"A convenient space about the same or so much as
may be required for the convenient use or occupation
thereof (to be determined by the judgment of the cir-
cuit court at the time of the foreclosure of such lien)"
means just what it says. Where the land adjacent to
and surrounding the land occupied by the building
may be used for more than one purpose, or may be
put to other use than that which the structure was
intended to accommodate, it means such space as is
reasonably necessary to furnish access to and from
the building, and around the building, so that it may
be conveniently used for the purpose for which it was
built. The court must determine and describe this
space with such certainty, that, upon sale under the
foreclosure, the deed issued will contain a correct de-
scription of same. The reason for giving the court
power to fix the limits of this convenient space is that
it may be done accurately, even should it be necessary
for the court to employ a surveyor to make a survey
and establish and mark the boundaries.

The statute provides that when a person to whom
the materials were furnished is also the owner of the
land, the lien shall extend not only to the structure but
also to the land upon which it is constructed: Oregon

Code 1930, § 51-102. In the instant case, neither the pleadings nor the evidence describe or point out on what particular part of the 163 acre tract of land, described in the notice of claim of lien, the structure is situated. We are therefore unable to say to what land the lien should attach.

The decree therefore will be modified and the cause remanded with instructions to permit the parties to submit evidence as to what is a convenient space about the building, or what may be necessary for the convenient use and occupation thereof, to enable the trial court to make findings and enter a judgment and decree in accordance with this opinion, neither party to recover costs and disbursements in this court.

It is so ordered.

BEAN, C. J., BROWN and BELT, JJ., concur.