Argued January 4, affirmed as modified February ·14, petition for
rehearing denied March 26, 1968

ERNE, *Plaintiff, v.* GOSHEN VENEER, INC.,
*Defendant,* WINGARD ET AL, *Respondents,*
JONES ET UX, *Appellants.*

437 P. 2d 479

*Day T. Bayly,* Eugene, argued the cause and filed the brief for appellants.

*John L. Luvaas,* argued the cause for respondents. With him on the brief were Luvaas, Cobb, Richards & Fraser, and James M. Blackford, Eugene.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

The plaintiff in circuit court sued to foreclose its mechanics' lien for material and labor furnished in construction upon a two-acre site adjacent to and a part of Goshen Veneer, Inc., in Lane County. Defendants were Goshen Veneer, Inc.; Reese Wingard, who held a first mortgage on the premises involved; Delbert S. Jones and Ruth I. Jones, dba Casey Jones Well Drilling Company, hereinafter referred to as Jones, who had filed a lien upon the same tract for drilling a well thereon; and Vik Industrial Co., which had done construction work on the property, brought action and taken judgment against Goshen Veneer, Inc., for the

amount owed it therefor. The latter judgment was preceded by recorded attachment of the subject property at the time of filing. After lengthy pleadings had brought the parties to issue they agreed upon a pretrial order to supersede the pleadings in shaping the issues for trial and avoid proof of facts stipulated therein.

Among other things, this order agreed that "[T]he entire matter of liens and priorities should be determined by the Court in Equity," and it agreed that between the defendants Jones and Vik Industrial Co., an issue was, if the court got that far, as to what property their respective liens applied. As to this question, Jones would produce evidence to show the space required for the convenient use and occupation of the well.

It was agreed by Jones and Vik, who are the only parties involved in this appeal, that Wingard's mortgage is prior on land and improvements.

Jones filed his mechanics' lien on August 6, 1965, work having been commenced on May 26, 1965. The order agreed this lien was valid and it related back to the date construction commenced. Jones sued to foreclose this lien against Goshen Veneer, joining no other defendants, on February 4, 1966, and on March 24, 1966, took a default judgment therein. The decree specifically reserved to this case the determination of priorities as between liens and matters pertaining to foreclosure sale.

Vik's action to collect on its account was filed on July 29, 1965, and its attachment was made on July 30, 1965. Judgment was taken April 13, 1966. The property was purchased at sheriff's sale by Vik, the sole bidder, on July 14, 1966.

■ The trial court held plaintiff Erne's lien invalid; allowed judgment for the debt (plaintiff Erne has not appealed); Wingard's mortgage a first lien against the property; Jones's lien superior in time to the Vik lien;[①] for sale on foreclosure, the property be divided into two parcels: the smaller, Parcel II, includes the well, and is subject to an easement for three guy lines of an unloading boom situated to the north of the tract; as to this Parcel II, Wingard is first and Jones is prior to Vik; as to Parcel I, Jones has no lien; Vik comes after Wingard. The parcels shall be sold in a manner unnecessary to detail here, and proceeds applied to give effect to the priorities, if sufficient is bid therefor at the sale.

The decision is, in its effect on Jones and Vik, that Jones's lien is prior to Vik's, because it related back to the commencement of the work,[②] and because the foreclosure of Jones's lien did not join the junior lienholder, Vik, as a party. The determination therein

---

[①] This holding is that Jones's mechanics' lien is prior to Vik's attachment lien. The decree, in the same paragraph, also finds Jones's *judgment* is inferior in time to Vik's attachment lien and the rights Vik acquired, based thereon, at the sheriff's sale. This finding appears to be of no consequence in this appeal, but Jones has assigned it as error. The finding is correct, for if Jones's mechanics' lien did not relate back to the commencement of Jones's work, Vik's lien would in all respects be ahead of Jones's. Vik's attachment was made on July 30, 1965, and Jones's lien notice was filed August 6, 1965. Considering the manner in which the sale will be conducted, depending on whether Wingard is satisfied and Jones is satisfied from the parcel to which Jones's mechanics' lien applies, the priority between Jones's judgment lien, as distinguished from his mechanics' lien, and Vik's lien and sheriff's sale purchase, could possibly have consequence. For this reason, we hold there is no error in the trial court's determination in this respect.

[②] Auld v. Starbard, 89 Or 284, 173 P 664 (1918). For other cases on the effective date of mechanics' liens under Oregon statutes, see Galen: *Mechanics' Liens in Oregon*, 29 Or L Rev 308 at 329 (1949-50).

that the lien applied to the full two acres does not preclude Vik from having that issue determined in this proceeding. On examination of the evidence, the trial court held Jones's lien to apply to considerably less than the full two acres.

Jones appealed, alleging error in three respects: (1) in reducing the area covered by Jones's lien, (2) in making Jones's lien area subject to an easement for three guy lines, and (3) in holding that Jones's judgment is inferior in time to the attachment lien of Vik. As indicated in Footnote 1, the third assignment of error is of no consequence in this appeal, whether right or wrong. With reference to each, the point principally claimed as error is that the foreclosure decree in *Jones v. Goshen Veneer,* even though Vik and the others were not parties, made *res judicata* and conclusive on all those interested, the area of the property covered by Jones's lien and its priority date.

This appeal resolves itself into two questions: (1) did the *Jones v. Goshen Veneer* decree prevent Vik from challenging the area to which Jones's lien attaches; and (2) if it did not, was the trial court's determination after hearing evidence thereon erroneous?

ORS 87.015(1) states that the land upon which the improvement is constructed, together with space convenient for its use and occupation, is subject to the mechanics' lien "to be determined by the court at the time of the foreclosure of the lien  *  *  *." ORS 87.060(4) provides, in lien foreclosures:

"*  *  *  [A]ll persons personally liable, and all lienholders whose claims have been filed for record  *  *  *  shall, and all other persons interested in the matter in controversy, or in the property sought to be charged with the lien, may be made parties; but persons not made parties are not bound by such proceedings  *  *  *."

In *Jones v. Goshen Veneer* the court determined in its default decree that the full two acres were subject to the lien. Vik, not being a party, claims under ORS 87.060(4) it is not thereby bound. The thrust of Jones's argument is that Vik is bound because he was not an indispensable party, and is limited to a right of redemption.

■ Junior lienors are not indispensable parties. *Osborn v. Logus,* 28 Or 302, 37 P 456, 38 P 190, 42 P 997 (1894) ("* * * but such as are not made parties are not cut off or bound by the decree * * *." Id. at 310) ; *Gaines v. Childers,* 38 Or 200, 63 P 487 (1901).

In the latter case it was said to be the intention of the legislature that a suit to foreclose a mechanics' lien should be assimilated as far as possible to proceedings in a mortgage foreclosure suit. The court said a decree is not binding upon junior lienors not made parties and does not cut off or deprive them of the right of redemption. This case is followed in *Portland Mtg. Co. v. Creditors Prot. Ass'n.,* 199 Or 432, 440, 262 P2d 918 (1953). There the court said the junior lienor not a party is in the same position as if no foreclosure had ever taken place, "* * * and he has the same rights, no more and no less, which he had before the foreclosure suit was commenced * * *," and "one of the rights" available is to redeem the mortgage. There are few cases which discuss any rights other than redemption that the junior lienor might exercise.[9]

---

[9] See notes in 87 Pa L Rev 881 (1938-39), and 24 Minn L Rev 124 (1939-40), where cases are collected and discussed in which the junior mortgagee is allowed to bring independent suit pleading usury in the senior mortgage. In none of these is it suggested that the junior lienor (mortgagee) has a "sole" remedy of redemption.

In 2 Jones, Liens 818 § 1584 (3d ed 1914), Jones, where his subject is mechanics' liens, says:

"* * * [A] subsequent lienor is not bound to intervene, and in order to bind him by the decree, he should be made a party defendant in the first instance."

A thoughtful Note, "Remedies of Junior Lienors Omitted from Prior Foreclosure," 88 Pa L Rev 994 (1939-40), after reviewing many decisions in which various remedies of omitted junior lienors have been applied, on page 1006, indicates that the outcome of any particular controversy is likely to depend upon the equities of the situation.

The decree in *Goshen Veneer* specifically provided, as noted supra, that determination of priorities as between liens and matters pertaining to foreclosure sale should be in this case, not that case. Thus, it apparently was recognized junior lienors had not had their day in court. That the equities of the situation indicate Vik was entitled to a day in court to question the area to be covered by Jones's lien—a question which vitally affected whether Vik had any possibility of recovering on its judgment—is demonstrated by the fact that the trial court has made a determination more favorable to Vik upon hearing adversary, as distinguished from default, evidence.

■ Jones's contention that the determination in the previous case became *res judicata* is untenable in light of the equities of the situation. It is also untenable under the rules of *res judicata*. Restatement, Judgments 332, § 73, states:

"(2) A judgment in such a proceeding [involving real property] * * * is not conclusive as to a fact upon which the judgment is based except

between persons who have actually litigated the question of the existence of the fact."

The trial court did not err when it proceeded to determine the area extent of Jones's lien.

■ Regarding this, ORS 87.015(1) provides that the lien applies to the land where such improvement is, "together with such space as may be required for the convenient use and occupation thereof * * *." *Drake v. Riley,* 139 Or 172, 9 P2d 130 (1932); and *Livesay v. Lee Hing,* 139 Or 450, 9 P2d 133, 84 ALR 118 (1932), hold this statutory provision means:

> "* * * Where the land adjacent to and surrounding the land occupied by the building may be used for more than one purpose, or may be put to other use than that which the structure was intended to accommodate, it means such space as is reasonably necessary to furnish access to and from the building, and around the building, so that it may be conveniently used for the purpose for which it was built * * *." 139 Or at 457.

An extensive note follows the report of *Lee Hing* in 84 ALR 118. Therein cited is *Western W. Works v. California F. Co.,* 60 Cal App 749, 214 P 491 (1923), involving a mechanics' lien for a well. The trial court had allowed a 100-foot circle around the well. The evidence indicated the well was intended to provide irrigation water for a surrounding acreage. The court said:

> "* * * [C]onsideration must be given to the reasonable and beneficial use of the waters of the well * * * The question is not so much as to the amount of land required for the * * * well and its appliances, but rather as to the amount of land to be improved or benefited by the * * * well."

Discussing the extent of property subject to a mechanics' lien, the court in *Donnelly v. Butler*, 216 Mass 41, 102 NE 917 (1913), held that:

"* * * The true purpose and intention of the owner not only were material, but, when ascertained, are decisive * * * [as to the amount of land to which the lien would attach]." 216 Mass at 43.

The evidence shows the well Jones drilled was intended to and did provide water for a log debarker located on adjacent property to the north. No substantial evidence indicated the well was intended or used for any beneficial purpose on the two-acre tract to which the lien limited itself by its own description. The court's decree allowed the lien to exist upon the well itself and a small area of property surrounding it, enough for its convenient use, plus an easement over part of the other property for ingress and egress.

"* * * [T]he fact that plaintiff claimed more land than he was entitled to did not vitiate his lien * * *." *Jackson v. Brown et al,* 116 Or 343, 347, 241 P 59 (1925). See note in 52 ALR 2d 83.

The lien may be made applicable to such area in its description to which it properly applies. The area prescribed by the trial court's decree appears to be proper.

■ An easement on the area of the well allowed by the trial court for the base for three guy lines from an unloading boom on the property to the north is objected to by Jones and made one of the assignments of error. A careful examination of the transcript of evidence does not disclose anything about the existence of the guy lines. It is not mentioned in the pretrial order which superseded the pleadings. The photograph and map show nothing that appear to be guy

lines. The attorneys for Wingard, Vik and Jones, in argument at the time of hearing objections to the court's findings of fact, discussed the easement allowed for the guy lines, but this is not evidence. We do not know whether the guy lines preceded the well, and if an easement for such exists its creation may as likely depend upon its being there as upon the owners of the property creating it by some other method. In the state of the record, there is nothing upon which this court can base a ruling as to any such easement. If a finding of the existence of such an easement is to be made, it appears that it must be made by a trial court after issue is drawn and evidence submitted.

The trial court's determinations of priorities, area of Vik's and Jones's liens, and method of foreclosure sale, are in accordance with the evidence and equity and the decree is in such respects affirmed. Not being within the issues or based upon evidence, the declaration of the guy lines' easement is deleted from the decree, and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Affirmed as modified with costs to neither party.