Argued and submitted May 16, reversed and remanded July 6, 1983

HICKEY,
*Respondent,*

*v.*

POLACHECK et al,
*Defendants,*
LEE'S LUMBERLAND, INC.,
*Appellant,*

FIRST NATIONAL BANK OF OREGON,
nka First Interstate Bank,
*Respondent,*

*v.*

J. C. LEMONS, INC. et al,
*Third-Party Defendants.*

(53142; CA A25362)

666 P2d 294

Edward Ray Fechtel, Eugene, argued the cause for appellant. With him on the briefs was Husband, Johnson & Fechtel, Eugene.

Bruce A. Rubin, Portland, argued the cause for respondent, First National Bank of Oregon. With him on the brief were James N. Westwood, Randee G. Fenner, and Miller, Nash, Yerke, Wiener & Hager, Portland.

Paul H. Kuebrich, Albany, filed the brief for respondent James W. Hickey.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

The issue in this case is whether a construction lien takes precedence over a mortgage when the mortgage was not recorded until after the holder of the construction lien commenced to deliver materials to the property. The matter was submitted to the trial court on stipulated facts. The court issued a decree foreclosing the construction lien and two such subsequently-recorded mortgages and giving the mortgages priority over the lien. We reverse.

On December 17, 1977, defendant Lee's Lumberland, Inc., (Lee's) started to deliver materials to property owned by defendant Polachek. Lee's continued to deliver materials until February 19, 1979. Plaintiff Hickey's mortgage on the same property was recorded on April 3, 1978. Defendant First Interstate Bank's mortgage was recorded October 23, 1978. Lee's recorded its construction lien on March 30, 1979, without having previously given notice of its lien to either mortgagee.

At least until the revision of the construction lien statutes in 1975, *see* Or Laws 1975, ch 466, it was the longstanding and clearly-established law that a construction lien would have priority in a situation such as we have in this case. A construction lien attaches when materials are first furnished but remains inchoate until the lien is filed, at which time it relates back to the beginning of the work. *Erne v. Goshen Veneer, Inc.,* 249 Or 357, 360, 437 P2d 479 (1968); *Auld v. Starbard,* 89 Or 284, 289, 173 P 664 (1918). Prior to 1939, and as far back as 1885, a construction lien took precedence over both prior and subsequently recorded mortgages. *See* Oregon Code Annotated, § 51-103; Lord's Oregon Laws § 7748; Bellinger and Cotton's Annotated Statutes § 5642; Hill's Annotated Laws § 3671.

In 1939, the priorities statute was amended to provide some protection to the holder of a prior recorded mortgage by requiring the person furnishing materials to give notice of the fact not later than seven days after the date of the first delivery to the mortgagee in order for the lien to have priority. Or Laws 1939, ch 527, § 2. The statute read as amended:

> "A lien created by this act upon any parcel of land shall be preferred to any lien, mortgage or other incumbrance which may have attached to said land subsequent to the time when the building or other improvement was commenced, or the

materials were commenced to be furnished and placed upon or adjacent to the land; also to any lien, mortgage or other incumbrance which was unrecorded at the time when said building, structure or other improvement was commenced, or other materials for the same were commenced to be furnished and placed upon or adjacent to the land; and all liens created by this act upon any building or other improvement shall be preferred to all prior liens, mortgages or other incumbrances upon the land which said building or other improvement shall have been constructed or situated when altered or repaired; * * * provided, however, no lien for materials or supplies shall have priority over any recorded mortgage on either the land or building unless the person furnishing such material or supplies shall, no later than seven days after the date of the first delivery of such material or supplies for which a lien may be claimed, deliver in person and evidence said delivery by receipt thereof, or mail by registered letter to the owner of record of such mortgage *recorded at the time of the commencement of the delivery of such material or supplies,* a notice * * *." O.C.L.A. § 67-103 (Emphasis supplied.)

From the emphasized language, it is clear that only the holder of a *prior* recorded mortgage was entitled to notice. The statute remained substantially unchanged until 1975, when it was amended to read, in pertinent part:

"(2) Except as provided in subsections (3) and (6) of this section, a [materialman's] lien * * * upon any improvement shall be preferred to all prior liens, mortgages or other encumbrances upon the land upon which the improvement was constructed. * * *

"(3) No lien for materials or supplies shall have priority over any recorded mortgage or trust deed on either the land or improvement unless the person furnishing the materials or supplies, not later than 10 days after the date of delivery of material or supplies for which a lien may be claimed, delivers *to the mortgagee,* a notice * * *." ORS 87.025 (1975). (Emphasis supplied.)

Respondents argue that the statute's provision for notice "to the mortgagee" requires notice to holders of both prior and subsequently recorded mortgages and that in the absence of notice mortgages take precedence over the lien. We disagree.

The 1975 amendment defined "mortgagee" as follows:

> " 'Mortgagee' means a person who has a valid *subsisting* mortgage of record or trust deed of record securing a loan upon land or an improvement." ORS 87.005(6). (Emphasis supplied.)

Although the language has been changed, we do not find a legislative intent to change the law. The word "subsisting" denotes a mortgage already in existence. Moreover, sound policy favors giving the lien priority. Under the statute, even a prior recorded mortgage may be subordinate to a lien, if the mortgagee is given notice of the delivery of the material for which the lien is claimed within ten days. It should be relatively easy for a prospective mortgagee to discern whether materials have been or are being delivered that may result in a lien. On the other hand, if a supplier delivering materials over a period of time could obtain priority over mortgages attaching during the period of delivery only by giving notice to the mortgagees, he would have to search the records every ten days during the delivery period to determine whether a mortgage had been recorded or risk losing the priority of his lien. We hold that a construction lien for materials, the delivery of which commenced before the recording of a mortgage on the property, has priority over the mortgage.

Reversed and remanded for entry of a decree giving priority to the lien of Lee's Lumberland, Inc.